# Calehuff, Appellant, *v.* Driver.

*Affidavit of defense—Time for filing—Practice, C. P.*

1. An affidavit of defense may be filed as a matter of right at any time before judgment. No leave of the court is necessary. The procedure Act of May 25, 1887, P. L. 271, made no change in the practice in this respect. The penalty provided by the act of 1887 for neglect of the defendant to file an affidavit of defense is the risk of having a judgment entered against him, not the termination of his right to file his affidavit.

*Affidavit of defense—Husband and wife—Goods sold and delivered.*

2. In an action for goods sold and delivered against a husband and wife, an affidavit of defense by the wife is sufficient which avers that "she did not purchase from the plaintiff or from any other person the articles set forth in the statement of plaintiff's claim, and had no business relations whatsoever with him; that she is in no wise indebted for the goods as set forth in the plaintiff's statement of claim, nor did she ever agree or become responsible for the same."

3. In an action for goods sold and delivered where the affidavit claims as a set-off commissions on sales made by defendant as agent of the plaintiff, the fact that the defendant does not set forth specifically the time when such sales were made is immaterial, where he avers that he was unable to ascertain the exact dates of the sales, as the same were entered in the books of the plaintiff which are still in his possession.

Argued Dec. 14, 1910. Appeal, No. 225, Oct. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., June Term, 1910, No. 324, discharging rule for judgment for want of a sufficient affidavit of defense in case of Charles A. Calehuff v. William E. Driver and Kate Driver, his wife. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The affidavit of defense of William E. Driver was as follows:

That the defendant, William E. Driver, was employed by the plaintiff, William A. Calehuff, as chauffeur, and paid a certain wage, and while in his employ the plaintiff requested the defendant, William E. Driver, to sell certain devices and solicit certain business for and on behalf of plaintiff, and before his employment the plaintiff requested the defendant to solicit certain business for the plaintiff, and to sell certain machines and films for and on his behalf, and he then and there did agree to pay the defendant, William E. Driver, ten per cent commission on sales of machines, and $5.00 per week on each customer procured by the defendant for the plaintiff, and in pursuance of said arrangement and agreement, said defend-

ant procured one Evans, proprietor of the moving picture show at Sixth and Venango streets, to purchase from the plaintiff a certain moving picture machine, to the value of $250; and that the said Charles A. Calehuff, through the defendant, William E. Driver, sold to said Evans said moving picture machine, and supplied the said Evans with films for a period of three months, and it then and there became the duty of the said plaintiff, for and on account of the said sales by the defendant, William E. Driver, indebted to the said William E. Driver, defendant, in the sum of $90.00.

And then and there said plaintiff, as aforesaid, did agree to and with said defendant that he, the said defendant, William E. Driver, might take the same out in trade; that is to say, he could purchase and loan films from the plaintiff to the amount of $90.00.

In addition thereto, in pursuance of his employment, the defendant, William E. Driver, sold to one George Roth, proprietor of "The Owl" Palace, Fifth and Somerset streets, one machine to the value of $250, upon which the defendant was entitled to a commission of ten per cent, and for and on behalf of the plaintiff aforesaid, and in pursuance of the aforesaid agreement, furnished film service to the said George Roth for a period of thirty-five weeks, the defendant was to receive $5.00 per week, making a total of $200, making a total set-off of $290, all of which sum is wholly due to the defendant by the plaintiff, and which the defendant claims as a set-off against the amount as set forth in the statement of plaintiff's claim, and at the time of trial in the above case, he will ask for a certificate to the amount of $46.37.

Defendant further avers that the said Kate Driver, his wife, never had anything to do with the management, control or operation of said business, except that the bank account was kept in her name.

Your defendant is unable to ascertain the exact dates of the sales, as the same were entered in the books of the plaintiff, which are still in his possession, all of which

your defendant believes and expects to be able to prove at the time of trial in the above case.

The affidavit of defense of Kate Driver was as follows:

That it is true that she is the wife of William E. Driver, who is one of the codefendants in the above cause of action, with her.

That it is not true that she is engaged in the moving picture business, and that she did not purchase from Charles A. Calehuff, plaintiff, or from any other person, the articles set forth in the statement of plaintiff's claim, but in truth and in fact she had no business relations whatsoever with the above-named Charles A. Calehuff, excepting that she made out checks to pay some of the bills for the moving picture place, for and on behalf of the said William E. Driver.

That she is not interested in the profits of the said business, and has no control of the same, and that she is nowise indebted for the goods, as set forth in the plaintiff's statement of claim, nor did she ever agree or become responsible for the same.

. The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Grover C. Ladner*, with him *Albert H. Ladner, Jr.*, for appellant.—The denial of purchase is not broad enough to cover a denial of purchase by agent: Hunsicker v. Arnold, 1 W. N. C. 589; Reis v. Herman, 1 W. N. C. 84. An affidavit which denies the purchase but not the use of the goods is insufficient: McKay v. McKenna, 173 Pa. 581.

An affidavit of defense admitting the debt and pleading a set-off is always strictly construed and must be as specific as a statement of claim: Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540; Suffolk Peanut Co. v. Williamson, 12 Luz. Leg. Reg. Rep. 99; Stage v. Smith, 41 Pa. Superior Ct. 273; Penn Shovel Co. v. Phelps, 24 Pa. Superior Ct. 595.

Time or date is an essential element of a statement
of claim: Mooney v. Snyder, 7 Del. County Rep. 335;
Crawford v. Schaeffer, 8 Pa. Dist. Rep. 32; Raworth v.
Orr, 9 Kulp, 293.

If failure to fix a time or allege a date is fatally defective
to a statement of claim, it is equally fatal to an affidavit
of defense, pleading a set-off. And so it has been held in:
Loucheim v. Becker, 3 W. N. C. 449; Higel v. Quinlan, 1
W. N. C. 83; Markley v. Stevens, 89 Pa. 279; Parsons v.
Adeler, 8 W. N. C. 72; Kemp v. Kemp, 1 Woodw. 154;
Clendenning v. Cable, 26 Pa. C. C. Rep. 115.

*W. Horace Hepburn, Jr.*, for appellees, cited: Brouse v.
Oliger, 36 Pa. Superior Ct. 399; Murray v. Keyes, 35 Pa.
384; Parke v. Kleeber, 37 Pa. 251; Howard v. Traction
Co., 195 Pa. 391; Rowland v. Phila., 202 Pa. 50.

OPINION BY BEAVER, J., March 3, 1911:

Plaintiff in the court below claims for certain goods fur-
nished to the defendants, alleging in his statement that
"The plaintiff, Charles A. Calehuff, is in the business of
renting moving picture films, and of selling moving picture
machines, supplies and appurtenances. The defendants,
William E. Driver, and his wife, Kate Driver, operate a
moving picture show. That the said plaintiff did, at
various times, sell unto the defendants various supplies
and appurtenances for the use of the defendants' moving
picture machines, amounting in value," etc.

An affidavit of defense was filed by William E. Driver
within the time limit required, and subsequently, after
the time limit had expired, but before the hearing of the
rule to show cause why judgment should not be entered
for want of a sufficient affidavit of defense, an affidavit of
defense was also filed by the other defendant, Kate Driver.
The rule for judgment was discharged.

The appellant assigns for error the action of the court
and alleges that the affidavit of William E. Driver is in
itself insufficient to prevent judgment, and that that of

Kate Driver is not only insufficient, but was filed too late, and, therefore, should be disregarded.

1. As to the affidavit of Kate Driver, we cannot see that the plaintiff was in any way delayed or injured by the filing of the same, after the statutory authority had elapsed and after the rule for judgment for want of an affidavit of defense had been entered. The plaintiff admits that he was unable to take judgment for want of an affidavit of defense "because there appeared on the record the affidavit of defense filed apparently for both defendants by the counsel representing both." The affidavit was, in fact, filed before the time for hearing in the court below, and would, therefore, seem to come within the ruling of the late case of Bordentown Banking Co. v. Restein, 214 Pa. 30: "An affidavit of defense may be filed as a matter of right at any time before judgment. No leave of the court is necessary. The Procedure Act of May 25, 1887, P. L. 271, made no change in the practise in this respect. The penalty provided by the act of 1887 for neglect of the defendant to file an affidavit of defense is the risk of having a judgment entered against him, not the termination of his right to file his affidavit." In addition to this, the affidavit of the husband, admittedly filed within the statutory period, practically covers the same question of fact as that raised in the affidavit of the wife. The affidavit of the wife seems to us to cover sufficiently denial of liability in any form to the plaintiff. It might be possible that, as the wife of the other defendant, she might receive and, in a sense, use the articles for which the plaintiff claims, but this would not of itself make her liable when "she did not purchase from the plaintiff or from any other person the articles set forth in the statement of plaintiff's claim and had no business relations whatsoever with him; that she is in no wise indebted for the goods as set forth in the plaintiff's statement of claim, nor did she ever agree or become responsible for the same." This averment would also seem to negative any liability on her part to pay for the same.

We are also of opinion that the affidavit of defense of the husband was sufficient to raise the questions of fact therein stated, so that a jury should pass upon them. It is true that the time when the commissions on sales and the compensation per week to be allowed on the supplies furnished to the several parties procured as customers through the agency of the defendant is not specifically set forth, but the failure to do so is accounted for by the fact that "The defendant is unable to ascertain the exact dates of the sales, as the same were entered in the books of the plaintiff, which are still in his possession."

If the facts, as clearly stated, are proved to the satisfaction of a jury on the trial of the cause, we think they will constitute a good defense to the whole of the plaintiff's claim, and merit, as claimed, a certificate for a balance due the defendant.

The order of the court, discharging the rule for judgment for want of a sufficient affidavit of defense, is, therefore, affirmed, and the appeal dismissed at the costs of the appellant.