[PHILADELPHIA, JANUARY 14, 1830.]

## WALTERS *against* PRATT.

### APPEAL.

Where the sheriff sells personal property as the goods and chattels of the defendant in the execution, which are claimed by another, the court out of which the execution issues, cannot, under the act of the 16th of *April*, 1827, determine to whom the property belonged, and award the money accordingly. The remedy of the claimant of the goods is, by action against the plaintiff in the execution, or the officer, or both.

APPEAL from the decision of the District Court for the city and county of *Philadelphia*, under the act of the 16th of *April*, 1827, "relative to the distribution of money arising from sheriffs' and coroners' sales," &c.

(Walters *v.* Pratt.)

The case was this:—

On the 23d of *October,* 1826, a judgment in favour of *Peter B. Walters* against *James D. Pratt,* was entered upon bond with warrant of attorney annexed, both dated *August* 1st, 1826, in the sum of seven thousand dollars, conditioned for the payment of three thousand five hundred dollars; and on the same day on which the judgment was entered, a *Fieri Facias* was sued out to *December* Term, 1826. To this writ the sheriff returned, " Levied *October* 23d, 1826; and *May* 22d, 1827, sold all the personal property of the defendant, at *Whitehall* farm, for one hundred and forty-nine dollars and sixty cents, which money I now have in court."

On the 29th day of *November,* 1826, the defendant made an assignment of all his property, real and personal, to *Isaac W. Norris* and *Jonathan Wainright,* for the benefit of his creditors. This assignment, among other things, contained a condition, that before any creditor of the assignor should be entitled to receive any part of the property assigned to the said *Isaac W. Norris* and *Jonathan Wainright,* he should execute a full release of all demands against the assignor. *Peter B. Walters,* the plaintiff, executed such release, and received a considerable portion of the amount of his judgment from the assignees, several months prior to the issuing of the execution hereafter mentioned in the suit of the administrators of *Joseph Kirkbride,* deceased, against *James D. Pratt.*

On the 17th of *May,* 1826, two judgments were entered for *John P. Kirkbride, Nathan Shoemaker,* and *John Paul,* administrators, &c. of *Joseph Kirkbride,* deceased, against the said *James D. Pratt,* upon two bonds, with warrants of attorney severally annexed, for three thousand eight hundred dollars each; and, on *April* 20th, 1827, a *Fieri Facias* was issued upon each of the said judgments to *June* Term, 1827. To each of these *Fieri Faciases* the sheriff made the following return: " Levied, *April* 20th, 1827, subject to a prior levy; and *May* 22d, 1827, sold all the personal property of the defendant, at *Whitehall* farm, for one hundred and forty-nine dollars and sixty cents, which money I now have in court."

On the 9th of *June,* 1827, the sheriff paid into court one hundred and twenty-two dollars and fifty-two cents.

On the 11th of *June,* 1827, the plaintiffs in *Kirkbride's* administrators against *Pratt,* before mentioned, obtained a rule to show cause why they should not take out of court, in virtue of their *Fieri Facias* to *June* Term, 1827, the money paid into court by the sheriff.

On the 10th of *September,* 1827, the following rule was obtained, entitled in the case of *Walters* against *Pratt:* "On motion of *James A. Mahany,* Esq., rule to show cause why *Isaac W. Norris* and *Jonathan Wainright,* assignees of *James D. Pratt,* should not take out of court the money in this case." On the same day, the rule obtained on the 11th of *June,* 1827, by the administrators of

*Kirkbride,* was ordered to be discharged; but on the 6th of *October,* 1827, it was ordered to be restored to the motion list.

On the 29th of *November,* 1827, the administrators of *Kirkbride* obtained another rule, to show cause why they should not be permitted to take out of court the money paid in by the sheriff. This rule was in virtue of the other *Fieri Facias,* issued by them against the said *James D. Pratt.*

On the 11th of *May,* 1828, the several parties were heard, when the court ordered the rule of *September* 10th, 1827, obtained on behalf of *Isaac W. Norris* and *Jonathan Wainright,* to be made absolute, and dismissed those obtained by *Kirkbride's* administrators, who thereupon entered this appeal.

*Stroud,* for the appellant, contended, that the District Court acted erroneously in ordering the money paid into court, to be paid over to the assignees of the defendant, instead of the administrators of *Kirkbride,* who were entitled to it by virtue of their two executions, which were duly levied on the property, from the sale of which the money arose. The question presented for decision is, whether, when goods have been sold, and the money paid into court, a stranger can come in and claim it. The cases of *The Insurance Company of Pennsylvania* v. *Ketland,* 1 Binn. 499. *Young* v. *Taylor,* 2 *Binn.* 228, and *Lewis* v. *Smith,* 2 *Serg. & Rawle,* 142, are conclusive, that it cannot be done. No case can be adduced, in which a party has been allowed to come in and claim the proceeds of sale. The remedy is by action against the sheriff. If it were otherwise, the constitutional right of trial by jury would be taken away. The sheriff, on the sale, both of real and personal property, sells merely the right, title, and interest of the defendant in the execution, and the court cannot, in a summary way, settle conflicting titles. But even in an action against the sheriff, there could be no recovery under the circumstances of this case, because the assignor was suffered to retain the possession. *Hower* v. *Geesaman,* 17 *Serg. & Rawle,* 251.

*Arundel* and *Jack, contra.*—The levy under which the appellants claim, was a second levy, made subject to a prior one. The creditor who made the first levy released, and the sheriff returned upon the appellants' executions, that he had sold subject to the original levy. The question is, whether the assignees are entitled to the goods levied upon, or the money arising from the sale of them. When the goods were levied upon by the appellants, they were either not the property of the defendant, he having assigned them, or they were subject to a former levy, and in neither case can the appellants have any claim. If they did not pass to the assignees, the first levy was in full force; it being settled law in *Pennsylvania,* that the lien of an execution on household furniture, is not affected by the sheriff's permitting the property to remain in the possession of the defendant. *Levy* v. *Wallis,* 4 *Dall.* 167. *Lewis* v. *Smith,* 2 *Serg. & Rawle,* 159. But it cannot be disputed, that they passed

(Walters *v.* Pratt.)

to the assignees. When the assignment was made, they were subject to an existing levy; and the creditor who made it having released, the property immediately vested in the assignees, who did all in their power to bring it into possession. They had two years to settle their accounts, and the property in question was a small matter of furniture, which they did not take into their actual possession. If mere possession, under such circumstances, be evidence of fraud, there are few cases free from it. To push the rule as far as is now attempted, will have the effect of preventing people from accepting assignments.

*Stroud,* in reply, denied that the goods levied on were household furniture.

The opinion of the court was delivered by

Huston, J.—In *England,* when the sheriff levies on the goods and chattels of A., and B. alleges those goods and chattels belong to him, and not to A., the sheriff decides the ownership, to a certain extent, by an inquest. This has never been practised in this country, and was not attempted in this case. A legislative provision on this subject might be of general benefit to creditors, debtors, purchasers, and to the person claiming the goods.

It has been attempted to stay proceedings until the right to goods levied on was ascertained, but the courts have declined to interfere. See 1 *Binn.* 499, and 2 *Binn.* 228, *Young* v. *Taylor,* (Yeates's opinion.)

In this case the allegation is, that the goods sold were not the property of the defendant, but were the goods of *S. W. Norris* and *Jonathan Wainright,* and to them the court awarded the money. It seems to me, the case was not triable in the manner adopted. The act of assembly of the 16th of *April,* 1827, says, in all cases of sheriffs' or coroners' sales, where there are or may be disputes about the distribution of the monies arising therefrom, the several courts under whose execution the money was raised, are hereby declared to have full power and authority to hear and determine all such cases, according to law and equity; and proceeds to say, the trial may be by the court, or at the request of the party, the facts may be settled by a jury.

This law would seem to apply solely to cases where the goods or lands sold, are admitted to have been at the time of sale, the property of the defendant in the execution. If lands are sold, other persons may have liens prior to his on whose execution they were sold, and the court is to decide on the priority of those liens, and whether or not, the land was bound by them; but, if A. B., a third person, comes, and says, his right to the land sold was better than that of the defendant, and that instead of bringing an ejectment to recover the land, he will take the money, neither the act above-mentioned, nor any law or usage known in this state, enables the court to decide on his title. So, on the sale of personal property,

(Walters *v.* Pratt.)

the proceeds, admitting the property to have belonged to the defendant in the execution, may be claimed by the plaintiff in another execution from the same court, or a different court, or from a justice of the peace; and in such case the act applies, and the court must, in some of the modes prescribed, decide to whom the money is to be awarded.   But if a third person denies that the defendant, as whose property the goods were sold, had any right to them, or that any of his creditors have any right to the money, the case of such a claim is not within the act above cited.  The court cannot decide on his claim under that act or our law.  He must sue the plaintiff on whose writ they were levied, or the officer, or both, as he shall be advised.  The court can decide the right to the money, admitting the goods to have been the property of the defendant in the execution, but to decide on the right to the goods, and as a consequence, to the proceeds of them, a suit in the ordinary mode of action and trial is necessary.

The opinion of the court is, that there was error in the court below deciding in this case: That their judgment be reversed, and those who claim the property must pursue their claim, not under the act of assembly above cited, but by suit at common law.   We give no opinion, whether they have, or have not, any right to these goods; though it may not be amiss for them to look at the case in 17 *Serg. & Rawle,* 251, *Hower* v. *Geesaman.*

Judgment reversed.