## PETER YOUNG'S APPEAL.

Under the act of the 16th of April, 1827, entitled "an act relative to the distribution of money, arising from sheriffs' and coroners' sales," &c. an appeal does not lie from the decision of the Court of Common Pleas, setting aside a sheriff's sale.

This was an appeal by *Peter Young,* from the decision of the Court of Common Pleas of *Dauphin* county, in the matter of the sale of the real estate of *Frederick Shoop,* by the sheriff of that county; by which decision the application to permit the sheriff to acknowledge the deed to the purchaser, was denied, and the sale set aside on payment of the judgments against the property which were demanded to be paid.

*Alricks* now moved to quash the appeal on the ground that the act of assembly of the 16th of April, 1827, under which it was taken, does not authorize an appeal from the decision of the court setting aside a sheriff's sale.

*Elder* contra.

The opinion of the court was delivered by

Ross, J.—This case comes before this court on an appeal from the Court of Common Pleas of *Dauphin* county, under the

(Young's Appeal.)

act of the sixteenth of April, 1827, entitled "An act relative to the distribution of money arising from sheriffs' and coroners' sales," &c. A *venditioni exponas*, issued to April term, 1831, at the suit of *Jacob Heisley's* administrator against the defendant *Shoop*. In this writ, the sheriff returned, "sold real estate to *Peter Young*, on the 18th of March for $2020," which sale was on motion set aside by the court. On the 26th of April, 1831, *Peter Young* appealed from the decision of the court, and applied to have the sheriff's deed made and acknowledged to him. The ground on which the sale was set aside, is fully set forth in the opinion of the court, which has been returned with the record filed in this court. This opinion, in justice to the court below, and also, as being in some measure necessary to a perfect understanding of the case is here inserted.

"The defendant in this case, applies to the court to set aside the sale of his land by the sheriff, upon the defendant's paying into court the amount of the judgments, the plaintiffs in which, now demand payment. This is objected to by the purchaser at the sale by the sheriff. The sale was made on the 18th day of March last, and the purchaser has paid the purchase money to the sheriff, who offers to acknowledge the deed. The purchaser undoubtedly has his rights. The sale, in this case, was fairly made; but on the return day of the *venditioni exponas*, and before the deed is acknowledged, the debtor comes into court, offers to pay the debt, and asks to retain his lands. The creditors do not object; the purchaser alone says he has acquired a right to the land. There does not appear to be any peculiar hardship in the case of the purchaser who pays his money and is disappointed in getting his deed, by reason of the sale being set aside by the court. The sale is not complete, until the deed is acknowledged in court. Until the acknowledgment of the deed, the debtor is not divested of his estate, and it seems to me, that if the debtor pays the debt before the purchaser has acquired a legal right to the land, the equity of the debtor to retain is stronger than that of the purchaser, who insists upon the forfeiture. Some objections were made on part of defendant, that the description of the land was not sufficient in the sheriff's advertisement. The levy appears to have been made with the knowledge and approbation of the defendant. The description in the advertisement is copied from the levy, and the land being reasonably well described, I do not think the defendant can with propriety make this objection. In practice, when a higher price is offered for land sold by a sheriff, a new sale is often ordered, and that in favor of creditors, who might otherwise lose their claims. With the same justice, may a sale be set aside upon defendant's paying the debt, to enable him to retain the land. From any

(Young's Appeal.)

thing, that appears in this case, it seems to me, that justice requires that defendant should be permitted to retain his land, and the law does not require that it should be taken from him.    The application to permit the sheriff to acknowledge the deed to the purchaser is denied, and the sale set aside."

The opinion, delivered by the court below, is predicated upon false principles and arrives at erroneous conclusions.    It is not supported by law, equity, or expediency.    The *bona fide* purchaser, at a public sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold.    Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value.    And if he purchase at a *bona fide* sale, greatly below the value, the vendor would be bound by the sale.    *Equality*, in this case at least is *equity*.    The vendee certainly should have the advantage of a purchase at a price below the value; when he is bound by a purchase at a price greatly exceeding the true value. 2 *Cont. Rep.* 821, 835.    In order to set aside a sheriffs' sale, there must be satisfactory evidence of fraud, or abuse of power in the sheriff.    *Wood* v. *Monell* and others, 1 *Johns. Chan. Rep.* 502. A collusion between a purchaser and strangers by unfair means to procure the sale, and the purchase to be made below what it would have brought, if such means had not been resorted to, would also be sufficient to set aside a sale.    See 4 *Johns. Chan. Rep.* 254.

These general observations are made with a hope that any practice in opposition to these principles, which may have arisen in some of the courts, as to sheriff's sales, may be corrected.    It is not a sound exercise of the discretionary power of a court to destroy the vested rights of a fair purchaser, either from feelings of sympathy for the defendant in the execution, or because the court may not see any peculiar hardship in the *bona fide* purchaser being arbitrarily deprived of his just and equitable right.    The practice, if any such exist, as well as the principle laid down in the opinion of the court below, are highly inexpedient; and if there were no other reason, this alone should be sufficient to prevent such a practice being recognized as law.    It is indeed calculated to affect sheriffs' sales very injuriously.    Who would become bidders on such terms?    Who would purchase, and pay his money at sheriff's sale, if the defendant in the execution, could at any time before the acknowledgment of the deed upon payment of the debt, retain the property and rescind the sale?    The purchaser, under such circumstances, would not only lose the opportunity of purchasing other property, but in some cases would be compelled to pay interest on money borrowed, for the purpose of paying for the property purchased at sheriff's sale.    The practice would indeed be pregnant

(Young's Appeal.)

with ruin and injustice.    Is there any cause either in law or equity, in which any court has thought proper to rescind a contract, on the application of the party in default? or, can any case be produced, (except the decision in question,) where a bargain made in good faith has been rescinded against the will and consent of the party who has performed every thing required of him, and who insists on a specific execution of the terms on which he bought?    Individually, I do not entertain a doubt, that the practice authorized by the opinion of the court below, cannot be supported upon any principal, either of law, equity or expediency.    Although this point has not been argued, I have nevertheless felt myself bound to express a decided opinion on the subject, before I proceeded to consider the motion to dismiss the appeal.

A motion has been made to dismiss the appeal in this case, because an appeal does not lie at common law, and is not given by the act of the 16th of April, 1827, under which act, this appeal has been entered.    In the opinion of. the court, the act is limited in its operation to cases, where there may be disputes about the distribution of moneys, arising from sales made by sheriffs or coroners.    This is not a dispute about the distribution of money, but about the power of a court to set aside a sheriff's sale, for the reasons assigned in the opinion of the court below.    It is therefore not within the provisions of the act, and the appeal must be dismissd.    See also, the case of *Walters* v. *Pratt,* 2 *Rawle,* 265, on the construction of this act.

Whether the purchaser is left without a remedy, is a question not at this time regularly before the court.    Whether a writ of error will lie, or whether the purchaser can, by refusing to take back his money, sustain an ejectment for the land, are questions, which may merit consideration, when they come regularly before this court.

GIBSON, C. J.—Concurred.

ROGERS, J.—HUSTON, J. and KENNEDY, J. concurred in dismissing the appeal, but as the other question upon which Judge *Ross,* delivered his opinion, had not been argued, they declined expressing any opinion about it.

Appeal dismissed.