The Supreme Court affirmed the decision of the Court below, on July 9th, 1879, in the following opinion by
Trunkey, J.
On a question of distribution the Court cannot inquire into the ownership of the goods sold ; they are taken as the property of the defendant in the execution, and lien creditors are entitled te the proceeds. So far does this principle go that where fixtures are severed from the realty and personalty, the execution creditor takes the proceeds against one having a lien on the realty of which the fixtures were a part; Hutchman’s Executor’s Appeal, 3 Casey 209. A party who sets up a title adverse to him as whose property the goods were sold, cannot come in for a share. An assignee of the defendant by a transfer prior to the levy, is an adverse claimant. An assignee in bankruptcy of the defendant has no standing to claim the money raised by a sale of the goods, when they were not sold in fraud of the bankruptcy law; Bush, Bunn & Co.’s Appeal, 15 P. F. S. 363; Walters vs. Pratt, 2 Rawle 265. On March 24, 1878, Stonesifer made a voluntary assignment in trust for his creditors. Subsequently Sell issued execution on his judgment, by virtue of which the Sheriff seized and sold the goods as the property of Stonesifer. He is entitled to the money *457 made on his execution, whether or not the title to those goods was-vested in the assignee. If they passed by the assignment, and' the title was vested in the assignee, he has a remedy against the-proper parties by action at law. This is no time for expression of opinion upon the validity of his title.
Decree affirmed and appeal dismissed at the costs of the Appellant.