# Fidelity & Deposit Company of Maryland, Appellant, *v.* Harton, et al.

*Execution—Sheriff's interpleader—Act of May 26, 1897, P. L. 95 —Pleading—Insufficient averments to justify issue—Rule of court —Discretion of lower court—Principal and agent.*

The action of the lower court, discharging a rule to show cause why an issue should not be awarded to determine title to personal property will be sustained, where there is no evidence of abuse of discretion in so doing, and where the answer filed by an agent on behalf of claimant consisted of a bare averment of title without disclosing from whom the title was derived or anything else with reference to the same.

Argued April 19, 1923. Appeal, No. 77, April T., 1923, by plaintiff, from order of C. P. Beaver Co., March T.,

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct. 1921, No. 173, discharging rule to show cause why an issue should not be granted to determine the title to personal property, in the case of Fidelity & Deposit Company of Maryland v. William E. Harton et al. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why an issue, under the Act of May 26, 1897, P. L. 95, should not be granted to determine the title to personal property after the sheriff had levied execution thereon. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*William A. McConnell*, for appellant.

*C. R. May*, and with him *Hice, Morrison, May and Bradshaw*, for appellee.

OPINION BY LINN, J., July 12, 1923:

This appeal is from an order discharging a rule to show cause why an issue, under the Act of May 26, 1897, P. L. 95, should not be granted to determine the title to personal property; the sheriff had levied on certain road making machinery.

In Commonwealth v. Burns, 14 Pa. Superior Ct. 248, at 257, we thus stated the general principle applicable: "In general, the granting or refusing of an issue is a matter of discretion in the court, which is not even reversible in error, unless an abuse of discretion is made to appear. 'The court is not to inquire into the merits of the respective claims further than to see that they are not merely colorable, or fraudulent, or collusive, but may be the basis of bona fide suits': Book v. Sharpe, 189 Pa. 44."

Pursuant to the rule to show cause, both the appellant surety company, who claimed the property, and the plaintiff in the execution, filed answers. Rule 228 of the court below provides: "If both claimant and plaintiff fail to appear and answer the rule within fifteen days after the service thereof, the rule shall be discharged; if default is made by the plaintiff alone, the sheriff shall release the property claimed after forty-eight hours from the discharge of the rule, but if claimant alone default, the officer shall proceed with the execution. If both parties appear and answer said rule, the court may discharge the rule and direct the sheriff to release the property, and order him to proceed with the execution, or make the rule absolute and award an issue to determine whether the right of property in the goods and chattels claimed is in the claimant or not; or make such other order as the justice of the case may require. The answers to the rule may be made by the parties, their agents or attorneys, having knowledge of the facts."

The court decided that the answer filed on behalf of claimant was insufficient to justify an issue. The answer was signed "John A. Clark"; it merely stated: "John A. Clark, special agent for the Fidelity & Deposit Company of Maryland, the above-named claimant, acquainted with the facts, being duly sworn, for answer to the rule to show cause,......[says]: that the goods and chattels levied upon by......sheriff in the above-stated proceedings, to wit: [describing them] are not the property of [defendants in the execution] but are the property of the Fidelity & Deposit Company of Maryland, and that they were the property of said [claimant] at the time the said goods and chattels were levied upon by the said sheriff. All of which said claimant expects to show upon the trial of this cause."

The case was heard pursuant to rule 228 quoted above. In refusing the issue, the court said the "bare averment of title without disclosing from whom the title asserted by the claimant was derived, or anything else with

reference to the same" was insufficient in an answer made by one describing himself as appears in the answer quoted, without specific averment that he was the agent of the corporate claimant, with knowledge of the facts and that he was authorized on its behalf to answer the rule. It may also be observed, that the goods and chattels taken were not such as ordinarily are in the possession of a surety company, nor is the claim that they "are not the property of" [defendants] in the answer signed by Clark, specifically informing, for the "property," while in claimant, may nevertheless have been subject to the execution in question. The answer was filed January 11, 1921; the rule was not discharged until September 12, 1922; no amendment to the answer was suggested and no depositions were taken though the practice is not uncommon.

We are not convinced that the refusal to send the parties to a jury trial in the circumstances was an abuse of discretion within the meaning of the principle quoted at the beginning of this opinion.

Order affirmed.

Judge KELLER dissents.