American Finance Co., Appellant, v. Trachtman et al.

290

Argued October 1, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Maxwell Pestcoe,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Keller, J., December 11, 1931:

This appeal arises out of a sheriff's interpleader issue.

The claimant neglected to file his statement and bond within two weeks after the sheriff's rule for an issue had been made absolute, and the plaintiff in the execution thereupon furnished the sheriff with a certified copy of the docket entries indicating that no bond and statement had been filed, pursuant to the Act of April 7, 1927, P. L. 174, amending the Sheriff's Interpleader Act of May 26, 1897, P. L. 95.

Before the sheriff sold the goods, the court below on petition of the claimant permitted him to file his statement of claim and bond in interpleader, nunc pro tunc. From this order the plaintiff in the execution has appealed.

The Interpleader Act of 1897, (Sec. 11), directs that "The bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court for cause shown, shall extend the time for doing so;" but it imposes no penalty on a claimant who delays the filing of his statement and bond beyond the two weeks' period.

Our Supreme Court, consequently, held in Barndollar v. Fogarty, 203 Pa. 617, that a claimant who had not filed his statement of claim and bond within the two weeks fixed by the act could nevertheless do so, *of right*, at any time before the plaintiff in the execution acted by way of asking for an order that the sheriff proceed with his writ or that judgment of non pros. be entered in the issue; that the limitation of time fixed in the act was not an absolute one, which enforced itself, but was rather of the character of the limitation prescribed in the Procedure Act of May 25,

1887, P. L. 271, Sec. 6—for the filing of an affidavit of defense within fifteen days after the service of the plaintiff's statement; the practice concerning which has been continued in the construction of the Practice Act of 1915, P. L. 483, Sec. 12. In construing those acts it has been held that a defendant is not precluded by the provision of the statute from filing an affidavit of defense after the fifteen days fixed by the act have expired, but may do so of right and without leave of court, (Bordentown Banking Co. v. Restein, 214 Pa. 30), at any time before judgment. And even after judgment, the court may in the exercise of a proper discretion permit the judgment to be opened and the affidavit of defense filed: Ames Shovel & Tool Co. v. Schock, 100 Pa. Superior Ct. 84. The stricter practice applicable to the taking of appeals, the filing of exceptions to reports of auditors, road juries, etc., has not been enforced with respect to the filing of statements, affidavits of defense and other papers subsequent to the bringing of the action or the awarding of the issue.

It was said by Mr. Justice MITCHELL in Book v. Sharpe, 189 Pa. 44, 46, that the Act of 1897, supra, is substantially nothing but a consolidation of the previously existing law, with the addition of putting into statutory form the principal parts of the practice already established by the decisions and rules of court, and (15th section) relieving the sheriff from liability to the claimant if he proceed in accordance with the statute. An examination of the decisions under the Act of April 10, 1848, P. L. 450, and the rules of court made pursuant to it, shows that the courts exercised the power of extending the time for filing the claimant's statement and bond, and even permitted the claimant to file his narr. and bond nunc pro tunc after the time fixed by rule had expired and after an order to the sheriff to proceed to sell had issued: Kiker v. Wightman, 9 W. N. C. 274.

We think, therefore, that the court below was within its equitable powers in permitting the claimant to file his statement of claim and bond after the period fixed by the Act of 1897 had expired, but before sale of the goods claimed.

The Act of 1897, however, requires that the bond to be given by the claimant shall be "with security to be approved by the court in double the value of the goods and chattels," except that, "If the goods and chattels levied on are found in the possession of the claimant or his agent or bailee, and not in the possession of the defendant in the execution or process, the court may permit the claimant to file his own bond upon it being shown that the claimant does not derive his title thereto by, from or through the said defendant" (Sec. 5).

The claimant's petition warrants the construction that his title to certain of the goods levied upon by the sheriff and claimed by him, to wit, a cash register and slicing machine, had been obtained through the defendant in the execution; that they had been levied on and sold as the defendant's property by a constable by virtue of a distress for rent for the premises now occupied by the claimant, and had been bought by the claimant from the respective purchasers at said sale. There are some lower court decisions under the act and practice in force prior to 1897, which hold that the title to property purchased at a judicial sale was not obtained by, from or through the defendant in the execution. But a constable's sale under a distraint for rent is not a judicial sale: New Castle v. Whaley, 102 Pa. Superior Ct. 492, 496. It is not ordered by or held under any process issuing from a court, nor is it returned to or confirmed by a court. It is a proceeding authorized by law to enable a landlord to collect his rent by a sale of goods on the demised premises; and a purchaser of a tenant's goods sold at such a

sale obtains his title through or from the tenant. The petition alleged that the other goods purchased by him at said constable's sale had "been sold in the regular course of business and replaced by goods purchased by him from time to time and paid for with his own funds, and none of the defendants had any interest in or title to any of said goods;" but he failed to make a similar averment as to the cash register and slicing machine.

His petition did not aver that the cash register and slicing machine belonged to any person other than the defendant in the execution at the time the distraint for rent was made, pursuant to which they were sold at the constable's sale; or that they had been leased to such defendant; nor did he aver that title to these machines was not derived by him from or through the judgment *debtor*. He averred that he had not derived title to any of the goods from the judgment *creditor,* and showed that he had derived title to the cash register and slicing machine through or from the judgment debtor by the constable's sale for rent aforesaid.

The court has no power to permit a claimant to file his own bond except in the case provided by section 5 of the Act of 1897; and that act provides for only one bond to be filed by the claimant, and if his title to any of the goods which he claims has been derived from or through the defendant in the execution he must give security approved by the court and cannot file his own bond.

The order of the court is accordingly modified by directing that the bond to be filed by the claimant shall be given with security approved by the court below in double the appraised value of the goods claimed. The costs on appeal to await the determination of the case.