Breyer Ice Cream Company *v.* Rudley et al., Appellant.

Argued September 28, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Marc Billett*, for appellant.

*Daniel Marcu*, for appellee.

OPINION BY KELLER, J., March 3, 1934:

Breyer Ice Cream Co. obtained a judgment against H. N. Rudley in a magistrate's court for $19.48, and $6.55 costs, and issued an execution, which was returned 'nulla bona.' A transcript was filed in the court of common pleas No. 3 of Philadelphia County and a fieri facias issued, under which the sheriff levied on some printing presses, type, type stands and other personal property. Mercantile Press, Inc. filed a prop-

erty claim for certain of the goods levied on; following which the sheriff filed a petition in court setting forth the facts above mentioned, and that the plaintiff in the execution would not abandon said levy notwithstanding said claim, and praying that an issue be framed between the claimant and the other parties in interest to determine the ownership of said goods according to the provisions of the Act of June 22, 1931, P. L. 883. A rule was granted, to which the claimant filed an answer, sworn to by its president, in which it averred that it was the sole owner of all of the goods claimed by it, and inventoried as directed by the act, and that all of said goods had been purchased by it with its own money from various concerns and business houses, and that none of them had been purchased directly or indirectly from the defendant in the execution. No answer was filed by either the plaintiff or defendant in the execution.

The court discharged the rule for interpleader. The claimant has appealed.

No opinion was filed by the court giving its reasons for refusing an issue. Prima facie, the claimant seemed to be entitled to it. Nothing was presented by the plaintiff or defendant in the execution to combat its claim of ownership. The appellee, in this court, argues that the rule for an issue was properly discharged because the claimant at the time of presenting its claim did not pay the sheriff the four dollar appraisement fee fixed by the Act of 1931, supra, plus the official fee of one dollar, and that this failure amounted to an "abandonment of the claim." But the act does not so provide. It directs (Sec. 7): "If the claimant fails to pay said sum, when required under this act so to do, it shall be treated as an abandonment of his or her right *to have the goods and chattels themselves,*" etc.

A moving purpose for the Act of May 26, 1897, P.

L. 95—whose provisions, in this respect, as amended by the Act of May 8, 1909, P. L. 475, have been incorporated into the Act of 1931, supra—was to relieve . the *sheriff* from liability to the owner of goods which had been levied on as the property of another: Book v. Sharpe, 189 Pa. 44, 48, 41 A. 998; American Finance Co. v. Trachtman, 103 Pa. Superior Ct. 289, 292, 157 A. 692. It does not relieve from liability persons, other than the sheriff, who cause property which they have reason to know to belong to one person to be levied upon and sold as the property of another: Morrison v. Nipple, 39 Pa. Superior Ct. 184, 187, 188.

The sheriff, for whose protection the act was in large measure passed, accepted the appraisement costs and official fee from the claimant before any sale of the goods claimed was advertised or held; and thereafter petitioned the court for an interpleader issue. We are not satisfied that he could not legally do this, or that a failure by the claimant to tender the four dollar appraisement costs with the property claim absolutely *required* the sheriff, under all circumstances, to proceed to a sale. See American Finance Co. v. Trachtman, supra. There is another section of the act to be considered. Section 6 provides, inter alia, "No appraisement shall be necessary where the claimant shall give bond in double the amount of all claims, with interest and probable costs thereon, for which the goods claimed are in legal custody." Under section 2 it would seem that the bond is not to be given by the claimant until the rule for an issue is made absolute.

The claimant of property, afterwards appraised at nearly $1,200, might have been willing to give bond in double the amount of the judgment, $19.48, interest and costs, in which event (if there were no other claims for which the goods were in legal custody) an

appraisement would not be necessary and the costs for the same would not have to be paid. In that case failure to pay the cost of an appraisement could not be considered an abandonment of the claim or of claimant's right to have the goods and chattels themselves. Certainly no steps indicating an intention to abandon its claim were taken by this appellant.

The sheriff having moved for an interpleader issue before any sale of the goods was advertised or held, and nothing having been presented to combat or overcome the prima facie right thereto which the claimant showed, the issue should have been framed; and the refusal of the court to grant the issue as prayed for was an abuse of discretion, which we will correct.

The assignment of error is sustained. The order is reversed, and it is directed that the rule for the issue be made absolute. Costs on appeal to await the determination of the case.