## Hertzog v. Forry

K. L. Shirk, for petitioners; John L. Hamaker, contra.

SCHAEFFER, J., October 8, 1934.—This is a rule to strike off judgment of non pros in a sheriff's interpleader, on the ground that no issue had been framed, although granted by the court, prior to the rule to file a statement of title. On April 24, 1933, Alvin G. Hertzog issued execution against Eddie Forry on a judgment note. The sheriff made a levy on the person property of Eddie Forry, the defendant. Dora Forry, wife of the execution defendant, filed a property claim for nearly all the personal property levied on. Phares S. Zartman filed a property claim for the livestock levied on. On May 19, 1933, a rule taken by the sheriff to interplead in this execution was made absolute. The sheriff's petition asked for a rule for a preliminary hearing for an interpleader issue, or "to show cause why an issue should not be framed to determine the ownership of said goods and chattels". Notice of this rule was served on May 8, 1933, by handing a copy thereof to John L. Hamaker, attorney for plaintiff in the execution, and K. L. Shirk, attorney for claimants. The record shows that on "May 19, 1933, a rule to interplead was made absolute". No issue was actually framed. On May 22, 1933, the claimants filed bonds, which were approved by the court. On January 4, 1934, Alvin G. Hertzog, plaintiff in the

execution, entered a rule on both claimants to file a statement of title within 15 days or suffer judgment of non pros. These rules were served the same day on K. L. Shirk, attorney for claimants. No statement of title was filed for either claimant and on August 31, 1934, judgment of non pros was entered against both Dora Forry and Phares S. Zartman. Subsequently, on September 7, 1934, a motion was presented to strike off these judgments of non pros on the ground that claimants had not received notice of an issue granted in this cause and the rule for statement of title.

The questions involved are: (1) Does the Act of June 22, 1931, P. L. 883, relating to sheriff's interpleader, require an issue actually to be framed before a rule can be granted properly to file a statement of title within 15 days; and (2) is there such laches as will prevent the judgment of non pros from being stricken off. The claimants contend, "that judgment should not have been had against these parties until after an issue was framed and until they were properly in court by reason of such issue".

The Act of June 22, 1931, P. L. 883, sec. 10, relating to sheriff's interpleader, provides as follows: "In the issue to be framed under this act, the claimant shall be the plaintiff, and all other parties thereto shall be defendants. The issue shall consist of a statement of the source of the claimant's title and an inventory of the goods claimed attached thereto, which statement shall be signed and sworn to by him or by some one in his behalf, and an affidavit to be filed by the defendant or defendants in the issue, averring the grounds on which he questions the claimant's title. If the defendant fails or refuses to file such affidavit within fifteen days after notice of a rule to file same, the prothonotary or clerk may enter judgment against the defendant for want of such affidavit of defense."

Section 11 of the said act provides: "The bond and claimant's statement of title shall be filed within two weeks after the sheriff's or claimant's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so."

Section 12 of the same act provides: "If the claimant files a bond but fails to file a statement of title within the time specified, the plaintiff in the execution or process may enter a rule upon the claimant to file the same within fifteen days after notice thereof or suffer a judgment of non pros, which shall have the effect of forfeiting his bond."

A comparison of sections 10 and 12 indicates that it is the plaintiff in the framed issue who may obtain judgment of non pros for want of a sufficient affidavit. On the other hand, it is the plaintiff in the execution who may move for judgment of non pros for failure of claimant to file a statement of title. In the actual framing of the issue and the proper docketing thereof in the prothonotary's office, either the claimant or execution creditor may have the issue framed. The prothonotary may make the proper docket entries of the proceedings without any special order of court. It was so decided in Lentz v. Ruth et al., 21 York 169. The Interpleader Act of May 26, 1897, P. L. 95, fixes no penalty for failure to file the claimant's statement of title within the prescribed time, thus leaving it to the discretion of the court whether judgment of non pros should be entered. Section 12 of the Act of 1931 supplies this deficiency in the prior act. While the Interpleader Act is in large measure intended for the protection of the sheriff: Breyer Ice Cream Company v. Rudley et al., 111 Pa. Superior Ct. 604; nevertheless, after the issue is ordered to be framed by the court, the rights of the respective parties become paramount.

The act does not state clearly who is to frame the issue referred to—whether it is to be done by the attorneys, the prothonotary, the court, or whether it

follows as a matter of course upon the filing of the pleadings, which constitute the issue under the act. Inasmuch as the act definitely defines what the issue shall consist of, and that the claimant in the issue to be framed under the act shall be the plaintiff and all other parties, including claimants, shall be defendants, it may well be argued that the first step in framing the issue is the filing of a statement of title by claimant. To frame any other issue, such as a feigned issue in advance of these pleadings made mandatory by the act, would raise questions to be submitted to a jury, not contemplated by the Act of 1931.

In Neff v. Seidman, 80 Pa. Superior Ct. 489, the rule to interplead was made absolute on February 1st. No statement was filed within the time required by the Sheriff's Interpleader Act of 1897. The claimant failed to file a statement of claim and bond within the time required by the sheriff's interpleader, and by reason thereof judgment of non pros was entered on February 20th. On March 6th, claimant, "the present plaintiff", took a rule to open and set aside the judgment of non pros. The lower court discharged the claimant's rule, which was affirmed by the Superior Court. It was held that this was within the sound discretion of the lower court. It is evident in this case that an issue had been framed, although it is not set forth in what manner or by whom it was done. In American Finance Co. v. Trachtman et al., 103 Pa. Superior Ct. 289, relating to a sheriff's interpleader under the Act of May 26, 1897, P. L. 95, as amended by the Act of April 7, 1927, P. L. 174, Judge Keller decided, in a case where claimant neglected to file his statement and bond within 2 weeks after the sheriff's rule for an issue had been made absolute, that the court may within its equitable powers permit the claimant to file his statement of claim and bond after the period fixed by the act of assembly has expired but before the sale of the goods claimed. The limitation of time fixed in the Sheriff's Interpleader Act is not an absolute one which enforces itself. At page 292 of the opinion, he said: "And even after judgment, the court may in the exercise of a proper discretion permit the judgment to be opened and the affidavit of defense filed: Ames Shovel & Tool Co. v. Schock, 100 Pa. Superior Ct. 84."

In Barndollar v. Fogarty, 203 Pa. 617, claimant failed to file a statement of claim and bond within the 2 weeks fixed by the act. The court held that he could do so at any time before the plaintiff in the execution asked either for an order that the sheriff proceed with his writ or that judgment of non pros be entered in the issue.

Service of the rule for an interpleader issue and of the rule to file a statement of title within 15 days was made on the attorney for both claimants. This is a sufficient compliance with the act relating to notice to claimants: National Refrigerator and Table Co. v. Tafflin et al., 5 D. & C. 711; Walker v. Christner, 19 Dist. R. 540.

The attorney for the claimants filed a motion to strike off the judgments of non pros. There is no offer to file a statement of title. No request was made for an extension of time to file same, and the only ground legally submitted is as follows: "That he did not receive notice of an issue granted in the above cause and rule for statement of title, in accordance with the Act of 1931." The attorney for claimants, in his brief, states that statements of title had been filed in the prothonotary's office by both property claimants on January 24, 1934, which were subsequently lifted by him because they were filed under the Interpleader Act of May 26, 1897, P. L. 95, instead of the Act of June 22, 1931, P. L. 883. He also states that he notified his clients by several letters to file new statements of title, but that claimants claimed not to have received same, although none were returned unclaimed. He also alleges that about that time Dora Forry, one of the claimants, could not appear due to expectancy of childbirth.

This explanation of delay does not appear in the form of depositions nor in an affidavit.

While the question of laches may be relevant, nevertheless, the court will consider the matter mainly according to the record and the question of law involved.

Under the express provision of section 12 of the Act of June 22, 1931, P. L. 883, hereinbefore cited, the court is of the opinion that the judgment of non pros entered in this case should not be set aside. In the absence of a local rule of court and on account of the uncertainty of the act of assembly with reference to the framing of an issue to determine the ownership of property levied upon by the sheriff, the prothonotary immediately upon a rule for an issue being made absolute should enter the same on the proper docket without any special order of the court, making the claimant the plaintiff and the execution creditors and all other parties defendants, as provided by the Act of 1931. The pleadings constitute the issue as prescribed by the act.

And now, October 8, 1934, the rules to strike off the judgment of non pros against Dora Forry and Phares S. Zartman, respectively, are discharged.

From George Ross Eshleman, Lancaster, Pa.