449

## Lukac, to use, v. Morris

*L. E. Enterline* and *G. John Bruger*, for plaintiff.

*M. A. Kelker* and *Cyril Kelker*, for claimant.

HICKS, P. J., March 4, 1935.—The record in this case is much involved because of failure to have disputed matters disposed of as they arose. According to the record papers in our possession, a fi. fa. was issued on the above judgment to no. 25, May term, 1931. On October 10, 1933, on application of the sheriff, a rule was granted under the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, on Anna Morris, claimant, and all parties interested, returnable December 15, 1933. Although service thereof was accepted on behalf of the plaintiff and claimant, nothing further was done. A pluries fi. fa. issued to no. 57, May term, 1934, and on May 21, 1934, upon petition of claimant, a rule issued, returnable June 4, 1934, against the plaintiff to show cause why the said writ should not be quashed. To this rule, we find no answer filed by the plaintiff. The proceedings on this rule became quiescent.

Later another fi. fa. issued to no. 48, September term, 1934, whereupon, Anna Morris, for the third time, filed her claim of property, and, upon application of the sheriff under the Interpleader Act of May 26, 1897, P. L. 95, and its amendments, a rule again issued out of this court on September 10, 1934, against the plaintiff, defendant and claimant to show cause why an issue should not be framed to determine the ownership, returnable October 1, 1934. The plaintiff filed an answer to this rule on the return day and the claimant filed one 4 days later. No disposition of this rule was had. Then on November 12, 1934, upon petition of the plaintiff, the third rule in the course of the collection of this note, returnable November 26, 1934, issued against the defendant and claimant to show cause why the claimant's answer to the sheriff's interpleader rule of September 10, 1934, should not be stricken off and the sheriff directed to proceed with the execution and sale. Two days before the return day, claimant's answer to this latest rule was filed.

Since counsel in their written briefs, submitted without oral argument, advert only to this last rule, it is the only one which will be considered. In the petition of the legal plaintiff for the rule to strike off the answer of the claimant to the sheriff's rule to interplead and for an order directing him to execute the writ of fi. fa., the following reason is alleged as the basis for such desired action, to wit: the failure of the claimant to file her answer to said rule of the sheriff to interplead until 4 days after the return day, October 1, 1934. To this, the claimant answers denying the legal right to strike off her answer because

filed 4 days late and urges, additionally, that the legal plaintiff is not a party interested, has no standing to make such petition for a rule, and that his answer to the rule of the sheriff for an interpleader should be stricken off. Her answer combines a speaking demurrer with a motion to strike off the legal plaintiff's answer to the rule for interpleader.

May we strike off the claimant's answer to the rule to interplead or frame an issue simply because it was filed 4 days after the return day of the rule but before the plaintiff took any steps for the disposition of the same and order sale of the goods claimed by her?

The Act of June 22, 1931, P. L. 883, repealing the Act of May 26, 1897, P. L. 95, its amendments and supplements, in section 1, provides: "That whenever tangible goods or chattels have been levied upon . . . by the sheriff . . . under any execution . . . and the sheriff has been notified that said goods and chattels . . . belong to any person . . . other than the defendant . . . in said execution or process, said sheriff . . . may enter a rule . . . on the persons making adverse claims thereto to show cause why an issue should not be framed to determine the ownership of said goods and chattels; notice of said rule shall be given to the plaintiff and defendant in said execution . . . [and] the claimant. . . . The hearing on said rule shall be in the nature of a preliminary hearing to determine the right of the sheriff . . . to have an interpleader. If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects said execution or process on the goods or chattels claimed".

It will be noticed that the act is silent as to when the claimant must answer the rule and we have no rule of court prescribing the penalty for noncompliance. There is no abandonment of claim unless the claimant fails to show cause why the issue should be framed. Here she filed an answer showing how she acquired title to the goods 4 days after the return day and before further proceedings were taken.

We have a rule under the Act of May 26, 1897, P. L. 95, Rule of Court no. 159, which provides that the sheriff's rule for an interpleader shall " be made returnable at ten o'clock A. M. on a Monday", not less than 2 weeks after the granting of the rule. "If written notice and copy of said rule are served upon the claimant, or his attorney, at least five days before the return thereof, unless the claimant sets up in his answer thereto prima facie title to the goods claimed, the rule shall be discharged." Of course, this rule is under the Act of 1897, supra, and is not self-executing. If no answer is filed, application should be made to discharge the rule which was not done until after the answer was filed, 4 days late.

Under the amendatory Act of April 7, 1927, P. L. 174, the bond and claimant's statement of title had to be filed within 2 weeks after the sheriff's rule for an issue was made absolute, unless the court for cause shown, extended the time for doing so, but it imposed no penalty on a claimant who delayed beyond the time. Our situation is identical here, and in the case of American Finance Company v. Trachtman et al., 103 Pa. Superior Ct. 289, the court, in passing on said Act of 1927, supra, held that it was within the lower court's equitable powers to permit the bond and statement to be filed at any time before the plaintiff in the execution acted by way of asking for an order that the sheriff proceed with his writ, and that the limitation of time was not an absolute one which enforced itself. This interpretation controls this case and we hold that the claimant's answer will not be stricken off because filed 4 days

after the return day but before execution plaintiff moved to discharge the rule. See also Breyer Ice Cream Co. v. Rudley et al., 111 Pa. Superior Ct. 604; Swengle v. Dunkle, 2 D. & C. 420; Glarios v. Corliss, 70 Pitts. 230.

The cases of Ickes v. Brechbill, 18 D. & C. 167, and Amerith, Inc., v. Medoff et al., 17 D. & C. 82, cited by the plaintiff, construed Rules 72 and 73 of the Philadelphia Rules of Court and are not applicable here. The parties should now press for disposition of rule for interpleader upon answer of plaintiff and claimant.

And now, March 4, 1935, the rule to show cause why the claimant's answer to the sheriff's interpleader rule of September 10, 1934, should not be stricken off and the sheriff directed to proceed with the execution and sale is hereby discharged. From M. M. Burke, Shenandoah, Pa.