Zeldin, Appellant, *v.* George Hess Company, Inc.

Argued December 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellant.

*LeRoy Comanor,* with him *Levi, Mandel & Miller,* for appellee.

OPINION BY RHODES, J., January 29, 1937:

A judgment was obtained in the Municipal Court of Philadelphia County by George Hess Company, Inc., against Jacob Zeldin, and an execution was issued under which the sheriff of Philadelphia County levied on certain personal property in the possession of the defendant. Ella Zeldin filed a property claim for said goods and chattels. The sheriff then filed a petition setting forth these facts and that the plaintiff in the execution would "not abandon said levy or seizure notwithstanding said claim to said property," and praying that an issue be framed between the claimant and the other parties interested to determine the ownership of said goods and chattels according to the provisions of

the Act of June 22, 1931, P. L. 883 (12 PS §2358 et seq.).

On July 8, 1936, rule to show cause was granted, returnable July 23, 1936; on July 22, 1936, claimant filed her answer; and on July 31, 1936, plaintiff in the execution filed its reply to claimant's answer.

On August 26, 1936 [docket entry], claimant petitioned the court below for leave to file statement and bond *nunc pro tunc,* averring that she had no knowledge that a reply had been filed to her answer to sheriff's rule. Rule was issued and proceedings stayed. Plaintiff in the execution answered that a copy of its reply had been sent through the mails to the attorney for the claimant. Claimant's rule was discharged by the court below, and claimant has appealed.

The fatal and fundamental defect in these proceedings is the failure of the record to show that the sheriff's rule for an issue was ever made absolute. The docket entries contain the following entry: "Interpleader marked absolute filed," under date of July 31, 1936; but the docket entries contain no record of the sheriff's rule for an issue having been made absolute by the court or by agreement of the parties. Section 2 of the Act of June 22, 1931, P. L. 883 (12 PS § 2359) provides: "If said rule shall be made absolute, either with or without a hearing, the claimant shall give bond to the Commonwealth of Pennsylvania ......"; and by section 11 of this act (12 PS § 2368), it is enacted: "The bond and claimant's statement of title shall be filed within two weeks after the sheriff's or claimant's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so. If the claimant shall fail to comply with this section, then the sheriff, on being furnished with a certificate, from the prothonotary or clerk, that a bond and statement has not been so filed, shall proceed with the execution or process as if no claim had been filed."

Until the sheriff's rule for an interpleader issue had been made absolute, claimant was not in default for failure to file her bond and statement of title. As the record does not disclose a compliance with the provisions of the Act of June 22, 1931, P. L. 883 (12 PS '§ 2358 et seq.), she cannot be deprived of her rights thereunder, viz., to file her bond and statement of title within two weeks after sheriff's rule for an issue has been made absolute. If she fails in this, the sheriff shall then proceed accordingly.

Sheriff's interpleader is statutory. "The only personal action in which the right of interpleader existed at common law was detinue: 3 Reeves 449. It was applied to a few other cases, such as *quare impedit,* and writs of right of ward: 2 Story's Eq. Juris. 804": *Russell v. The First Presbyterian Church of Pottsville,* 65 Pa. 9, at page 14.

The purpose of the Act of June 22, 1931, P. L. 883 (12 PS § 2358 et seq.), and those which have preceded it, is largely "to relieve the *sheriff* from liability to the owner of goods which had been levied on as the property of another: *Book v. Sharpe,* 189 Pa. 44, 48, 41 A. 998; *American Finance Co. v. Trachtman,* 103 Pa. Superior Ct. 289, 292, 157 A. 692": *Breyer Ice Cream Co. v. Rudley et al.,* 111 Pa. Superior Ct. 604, at page 607, 171 A. 96, at page 97. Still its provisions cannot be ignored to the detriment of interested parties. In view of our conclusion, the proceedings subsequent to the sheriff's rule for an interpleader issue need not be discussed.

The order of the court below is reversed, with a procedendo.