## Suburban Building Assn. v. Furman

*Charles N. Moffett*, of *Fox & McTighe*, for plaintiff.

*Samuel H. High, Jr.*, of *High, Dettra & Swartz*, for defendant and claimants.

CORSON, J., May 11, 1939.—In this case plaintiff issued execution against defendant and levied upon various chattels as the property of defendant. Subsequent thereto, the three petitioners in the present proceedings filed separate property claims, together covering all the property levied upon, and paid the required fees to the sheriff for the filing of claims and for the cost of appraisals. A rule for an interpleader under the Act of June 22, 1931, P. L. 883, having been filed by the sheriff, the rules were made absolute by agreement and interpleaders ordered. These rules were made absolute on February 11, 1938. Nothing further was done by claimants until February 7, 1939, when the present petitions were filed.

On July 29, 1938, plaintiff in execution furnished to the sheriff a certified copy of the docket entries in the execution docket, such entries disclosing the fact that claimants had failed to file their bonds and statements of title. In

accordance with plaintiff's request, and section 11 of the Act of 1931, supra, the sheriff thereupon posted bills and gave notice of a sale to be held on August 10, 1938. On August 9, 1938, defendant filed a voluntary petition in bankruptcy and on the same date was adjudicated a bankrupt. At the request of the bankrupt, the referee in bankruptcy issued an order restraining the sheriff from proceeding with the sale.

On January 5, 1939, such restraining order was vacated and on February 17, 1939, the three claimants filed the three present petitions, asking for leave of court to perfect their claims and file statements of title and bonds nunc pro tunc.

The facts are admitted in the petition and answer, and the two questions that would seem to be for the court to decide are: (1) Has this court the power in the exercise of its discretion to allow the bonds and statements of title to be filed nunc pro tunc? (2) If the court has the power, would it be a proper exercise of discretion to allow such papers to be filed?

Plaintiff in execution contends that this court does not have the power to allow the statements of title and bonds to be filed nunc pro tunc and cites, in support of that contention, Ott v. Ott et al., 33 D. & C. 625 (1938). Petitioners in the rule cite, in support of their contention, contra, the case of American Finance Co. v. Trachtman et al., 103 Pa. Superior Ct. 289 (1931). After careful consideration of the two cases, we are of the opinion that our ruling in the present case must be based upon the case of American Finance Co. v. Trachtman et al., supra.

The court, in deciding the case of Ott v. Ott et al., supra, based that decision upon a finding that there are certain penalties in the Act of 1931, which were not in the law at the time of the decision of the Trachtman case, supra, and that because of these penalties the reasoning of the Trachtman case and the case of Barndollar v. Fogarty, 203 Pa. 617 (1902), cited in the Trachtman

case, does not apply. The decision in the Ott case, however, while it refers to section 11 of the Act of May 26, 1897, P. L. 95, bases its decision upon the provision of the Act of 1931, supra, which provides that in the event the claimant fails to pay to the sheriff the costs of appraisement, failure to do so shall be treated as an abandonment of claimant's right to have the goods and chattels themselves, and the sheriff shall proceed to sell such goods and chattels: Section 7 of the Act of 1931, supra. Admittedly, this provision of section 7 is a penalty that was not in the law under the earlier acts providing for sheriff's interpleader proceedings.

The court said, in the Ott case, that the second sentence of section 11 of the Act of 1931, supra, is similarly a new penalty set forth in the Act of 1931. With this statement, however, we cannot agree. The first sentence of section 11 of the Act of 1931, supra, reads: "The bond and claimant's statement of title shall be filed within two weeks after the sheriff's or claimant's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so." Practically the exact wording of this first sentence, with the exception of the words "or claimant's", appears in section 11 of the Act of 1897, supra. It is true that in that section of the Act of 1897 no penalty clause is found. However, in the Act of April 7, 1927, P. L. 174, amending section 2 of the Act of 1897, it is provided as follows: "If, after the said rule is made absolute, the claimant shall fail to give his bond in accordance with section eleven of this act, then the sheriff, on being furnished with a certified copy of the docket entries indicating that no bond and statement have been filed, shall proceed with sale as if no claim had been filed." We thus find that the penalty provided in section 11 of the Act of 1931 is already, practically verbatim, set forth in section 2 of the Act of 1897, as amended by the Act of 1927. This being the status of the statute law covering the subject of the time of the case of

American Finance Co. v. Trachtman et al., supra, we must assume that the Superior Court considered the statutes of 1897 and 1927, supra, in making its decision.

Apparently, however, neither the Superior Court, in its opinion, nor the court, in the case of Ott v. Ott et al., supra, referred to section 2 of the Act of 1897, as amended by the Act of 1927, supra. The Superior Court, however, having decided that the courts of common pleas have the right to allow claimants to file the statements of title and bonds nunc pro tunc, and the statute law covering such filing being the same under the Act of 1931 as it was at the time the Superior Court so decided, we must decide and hold that this court has the power to grant the relief prayed in the present petition.

The second question remains, however, as to whether or not to grant the prayers of these petitions would be a proper exercise of judicial discretion. After earnest consideration of the admitted facts, we feel that it would not be a proper exercise of such discretion to grant the prayers of petitioners. Petitioners, far from complying with the act within two weeks, allowed more than a year to go by without filing either statements of title or bonds. This might be to some extent excusable if plaintiff in execution had unduly delayed or lulled petitioners into a sense of security. However, on July 29, 1938, when the certified copy of the docket entries was filed with the sheriff and bills were posted, claimants had notice that they had not complied with the Interpleader Act and that the penalty for failure so to do had been invoked by the plaintiff in execution. Plaintiff waited for more than five months before invoking the penalty and petitioners waited for nearly eight months thereafter before petitioning this court for leave to file. It is not an excuse to say that the sheriff had been restrained from selling the goods by the referee in bankruptcy. The proceedings in bankruptcy were started by the defendant in execution and the restraining orders were obtained by him. The

present petitioners were not parties to the bankruptcy proceedings.

Petitioners contend that the sheriff did not appraise the goods levied upon and that they, therefore, could not file their bonds until such appraisements had been made. That would seem to be a matter between petitioners and the sheriff, if there was any breach of duty upon the part of the sheriff, but it may be that if the sheriff had been requested to make such appraisal, he would have done so in the event the claimants had wished to file their bonds. This, of course, does not excuse or explain the failure of claimants to file the statements of title as required by the act. We do not feel that sufficient has been shown in the present case to justify the court in allowing statements and bonds to be filed nunc pro tunc: Schrenkeisen et al. v. Kishbaugh, Coslett et al., 162 Pa. 45 (1894).

And now, May 11, 1939, for the reasons given in the foregoing opinion, the prayers of claimants, set forth in the three petitions, must be refused and the rules granted upon such petitions must be, and hereby are, discharged.