# A. M. Uhrik, Inc., v. Pennington

*William R. Cooper*, for plaintiff.

*Sidney M. DeAngelis*, for petitioner.

FORREST, J., December 31, 1957.—A judgment debtor's wife has filed a petition for a rule to show cause why a sheriff's sale of personalty should not be set aside, so that she may file a property claim. Petitioner Anna Pennington has alleged that the sheriff of Montgomery County levied upon her personal property on an execution against her husband, that the sheriff notified her that the property was to be sold on September 3, 1957, that "she thereupon contacted

the office of" her attorney, "in order that a property claim might be filed on her behalf"; that she was told that her attorney was away on a vacation and could not be reached, and that her message would be called to his attention upon his return, that no property claim was filed, as a result of which the sheriff's sale was held as scheduled and petitioner's personal property was sold to the attorney for plaintiff. Plaintiff filed an answer denying the material allegations of the petition. Therefore it was incumbent on petitioner to support her averments with depositions: Charles v. Smith, 29 Pa. Superior Ct. 594 (1905), cited in 7 Standard Pa. Practice, §524, p. 598. She failed to do that, but through her counsel she contends that on the admitted facts, the court should grant the prayer of her petition.

Petitioner relies on the Act of April 11, 1848, P. L. 536, sec. 6, 48 PS §64. This provides: "Every species and description of property, whether consisting of real, personal or mixed, which may be owned by or belong to any single woman, shall continue to be the property of such woman, as fully after her marriage as before; and all such property of whatever name or kind, which shall accrue to any married woman during coverture . . . shall be owned, used and enjoyed by such married woman as her own separate property; and the said property, whether owned by her before marriage, or which shall accrue to her afterwards, shall not be subject to levy and execution for the debts or liabilities of her husband . . ." Petitioner contends that her substantive rights under the Act of 1848, supra, may not be impaired or affected by a sheriff's levy and sale, even though she failed to file a property claim.

The general rule is that a property "claim must be interposed before a sale or other legal disposition of the property": 33 C. J. S. §174, p. 394. See Walters v. Pratt, 2 Rawle 265 (1830); American Finance Co.

v. Trachtman, 103 Pa. Superior Ct. 289 at 293 (1931).
No authority has been cited for the proposition that a
sheriff's sale may be set aside merely because counsel
for a property claimant was temporarily unavailable
and such claimant neglected to file a property claim in
due time. There must be an end of litigation. Here the
curtain has closed on the terminal stage and petitioner
has not shown good cause for reopening the case.

And now, December 31, 1957, the rule is discharged
and the petition is denied.