## Lipis v. Gordon

*J. Arnold Crisman*, for plaintiff.
*Thomas J. Evans*, for claimant.

KREISHER, P. J., February 6, 1959.—By virtue of a writ of fieri facias, the sheriff made a levy upon certain personal property of the above-captioned defendant and advertised the same for sale on June 20, 1958.

On July 19, 1958, counsel for Cohn's, Inc., of Hazleton, notified the sheriff that certain personal property levied upon was not property of defendant because the same was encumbered with a security agreement in accordance with the Uniform Commercial Code,

dated December 19, 1956, and that the said Cohn, Inc., held a security interest in said property, which consisted of a number of kitchen appliances.

The sheriff, however, held the sale as advertised and sold said property, but distribution of the fund realized has not to date been made.

On July 2, 1958, counsel for the sheriff prepared a petition for interpleader in accordance with the provisions of the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, 12 PS §2358, etc.

Upon presentation of the said petition by the sheriff to the court, a rule was entered upon the above-captioned parties and claimant to show cause why an interpleader should not be granted and the same was made returnable to August 4, 1958.

On August 1, 1958, counsel for the above-captioned plaintiff filed an answer and exceptions to the rule for said interpleader.

In the meantime a mortgagee of the above-captioned defendant issued execution against defendant's real estate which resulted in a sheriff's sale, and the sheriff filed a partial return of sale on November 3, 1958, of both the sale of the personal property and the sale of the real estate, without including therein a complete schedule of distribution, because of certain disputes between the many lien creditors, including a United States income tax lien, which was entered prior to the entry of judgment, upon which execution was had for the sale of the personal property.

In accordance with the Act of June 28, 1871, P. L. 1376, 12 PS §2671, which provides for distribution of the proceeds of the sheriff's sale to be made by the court without payment of the fund by the sheriff into court, the court made an order fixing Monday, December 1, 1958, as the time for all parties in interest to appear and give such testimony as they desired and state their respective contentions.

At the time of hearing, counsel for the respective claimants requested additional time in which to file written briefs in support of their respective contentions. Therefore the matter was continued by agreement until after the first of the year.

In the meantime, the court inquired of counsel interested in the interpleading proceedings, who were present because they were also interested in the sale of the real estate, their desires in that matter and it was agreed that counsel would fix a time after the first of the year to take up the matter of the interpleader proceedings.

On the date fixed for the latter part of January, which was agreeable to the court and counsel, the attorneys appeared and merely filed a written brief with the court asserting their respective contentions, and the matter is now before the court for disposition. But it appears that it is impossible for the court to properly dispose of the matter from the pleadings and the briefs filed, as we are not given sufficient facts upon which to base an intelligent opinion.

The outcome of this proceeding becomes important and must be disposed of before the court can properly make distribution of the proceeds of the sale of both the real estate and the personal property because of the intervening government lien, which we find was a lien upon the personal property prior to the issuance of plaintiff's execution, and the eventual question will arise if claimant has a valid security interest in the personalty and its standing in regard to the said government lien.

The said Sheriff's Interpleader Act contemplates a preliminary hearing to determine whether the claim is or is not genuine: Waltham Watch Company v. Juliano, 40 Del. Co. 390.

In the case of Tamaua Roofing and Siding Company v. Rakauskas, 15 Monroe 106, it is stated:

"The Sheriff's Interpleader Act of June 22, 1931, P. L. 883, Section 1, 12 P. S. Section 2358, requires the claimant and the execution plaintiff to file answers to the sheriff's rule under penalty of having their respective claims considered as abandoned. If answers are filed, a preliminary hearing is held to determine whether an interpleader should be awarded. At this stage of the proceeding, the court does not inquire into the merits of the respective claims further than to see that they are not merely colorable or frivolous or collusive, but may be the bases of bona fide suits: Book vs. Sharpe, 189 Pa. 44, 47; Fidelity & Deposit Company of Maryland vs. Harton et al., 81 Pa. Superior Ct. 561, 562. If the facts are disputed, the parties are entitled to an issue: Lamberton National Bank vs. Kineston, 114 Pa. Superior Ct. 365, 368. But if the facts are undisputed and the inferences to be deducted therefrom are clear and unconflicting, the question of title becomes one of law and is to be passed upon by the court: Majors vs. Majors et al., 349 Pa. 334, 339. If the court awards an issue, the claimant must file a statement of title within two weeks after the rule for an issue has been made absolute: Section 11, 12 P. S. 2368. The issue is then framed by the claimant's statement of title and an affidavit of defense thereto setting forth the grounds on which the claimant's title is questioned; Section 10, 12 PS Section 2367. But until the sheriff's rule for an interpleader issue has been made absolute, the claimant is neither required nor authorized to file a statement of title: Zeldin vs. George Hess Company, Inc., 125 Pa. Superior Ct. 87."

From an examination of the controversy existing between various lien creditors making claim for distribution to them from the proceeds of the sale of real estate, we observe the claim of Cohn's, Incorporated, assigned to the Gramatan National Bank and Trust Company against the above captioned defendant in

the amount of $2,279.16, and our preliminary survey seems to indicate that this claim will be reached from the proceeds of the sale of the real estate, and therefore, if this claim is a duplicate set forth in the interpleader proceedings, due credit must be given. Otherwise, if claimant, Cohn's, Incorporated, should be successful in the interpleader proceedings, and have a lien prior to the government lien, and if in distribution the said bank should be paid in full from the proceeds of the real estate, then claimant, Cohn's, Incorporated, would be receiving double payment.

Therefore, in order to aid the court to intelligently resolve this matter, it appears that a hearing is necessary so that the court may be fully informed of matters not appearing in the pleadings, and to this end we make the following

### *Order*

And now, to wit, February 6, 1959, it is hereby ordered and decreed that a hearing shall be held as promptly as possible at a time to be agreed upon by respective counsel, preferably during the week of February 9, 1959.