## Gillespie *versus* Smith.

In the Court of Common Pleas of Philadelphia, an affidavit of defence is in time, if filed before motion for judgment.

This case was an appeal by Thomas Gillespie, the defendant below, from the judgment of alderman McClain, in favor of the plaintiff below, Jeremiah H. Smith, for $50 42.

Appeal filed May 12, 1848, to June term, 1848, May 18, 1848. General affidavit of defence, filed under the rule of court.

June 6, 1848: copy of plaintiff's book of original entries filed. It set forth a charge against the defendant below for work and labor amounting to $50 92.

June 24, 1848: affidavit of defence filed; endorsed, "filed and entered June 24, 1848, at 9 o'clock and 55 minutes."

June 24, 1848: judgment for want of an affidavit of defence.

June 24, 1848: on motion of Emlen, for defendant, rule to show cause why judgment should not be set aside, *eo die*, rule to take depositions of witnesses, on twenty-four hours' notice granted.

July 1, 1848: depositions filed, and rule discharged.

July 13, 1848: writ of error brought into the office.

The words of the law are as follows:

"That so much of the several acts of assembly, authorizing the District Court for the city and county of Philadelphia, to enter judgment for want of an affidavit of defence, as relates to judgments for want of affidavits of defence, be, and they are hereby extended to all actions brought, and appeals filed in the court of common pleas for the county of Philadelphia, wherever the cause of action would, in a like case, have authorized the entry of such judgment in said District Court: *Provided*, That the writing or affidavit to be filed by the plaintiff, to entitle him to such judgment, shall be filed within two weeks after the return day of the suit, or the first day of the term to which an appeal may be entered, and the affidavit of defence shall be made *before* the third Sat-

I.—E*

[*Gillespie v.* Smith.]

urday succeeding such return day, or term day, as the case may require."

The words of the District Court law, from which the law relative to the Common Pleas is partly taken, is, "that it shall be lawful for the plaintiff, *on*, or *at any time after* the third Saturday succeeding the several return days hereinbefore designated, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall *previously* have filed an affidavit of defence."

The practice of the District Court, under the law, has been to allow the entry of an affidavit of defence, at any time before the motion for judgment, whether on or after the third Saturday.

The construction has been liberal in favor of the defendant, and of trial by jury, although by strict construction, the word "previously" would seem to refer to the "third Saturday."

Specification of error:
The court below erred in entering judgment for the plaintiff below, after an affidavit of defence had been filed.

Argument for plaintiff in error:
The only question presented by this record, is, whether under the words of the law, authorizing the court of common pleas to enter judgment for want of an affidavit of defence, the court below were authorized to enter such judgment upon the third Saturday after the first day of the term, to which the appeal was entered, notwithstanding a sufficient affidavit of defence had been filed on *the said third Saturday before the court was opened or the judgment taken?*

No question is raised, or was raised, below, as to the sufficiency of the affidavit of defence. The ground of the decision, below, was, that admitting the affidavit of defence to be amply sufficient, *it was filed too late.*

*Emlen*, for plaintiff in error, cited West *vs.* Simmons, 2 *Wharton*, 261; 4 *Yeates* 511–12, West *vs.* Stevenson; 1 *Bin.* 76, Vanlear *vs.* Vanlear.

*P. P. Morris*, for defendant in error.—The word "previously" in the District Court act, refers to the time of the motion to enter judgment. West *vs.* Simmons, 2 *Wharton's Rep.* 261.

There is no ambiguity about this act of assembly. "Before the third Saturday," can mean but one thing—nothing that is done on any moment of Saturday, can be said to be done *before* Saturday.

PER CURIAM.—The affidavit may be filed at any time, before motion for judgment. Such is the governing principle in the case

[*Gillespie v.* Smith.]

of a rule to plead, or to declare. And it is founded in justice and convenience; for a party, who does not enforce his right at the first moment, shows that he has not suffered by delay, and the signing of judgment is not imposed as a penalty. In this case the motion came too late.

Judgment reversed and <em>procedendo</em> awarded.