# Barndollar *v.* Fogarty.

*Foreign attachment—Sheriff's interpleader—Bond and statement of claim-ant—Filing after expiration of two weeks—Amendment—Act of May 26, 1897, P. L. 95.*

Where a claimant in foreign attachment does not file his bond and state-ment within two weeks after issue has been awarded as required by the Act of May 26, 1897, P. L. 95, but subsquently files his bond and statement before the plaintiff in the attachment has either asked for an order directing the sheriff to proceed with his writ, or that judgment of non pros. be en-tered in the issue, the court cannot thereafter enter a non pros. against the claimant, and if the statement which the claimant has filed is defective, the defect may be cured by amendment.

*Sheriff's interpleader—Defective statement—Judgment of non pros.—Demurrer.*

If the statement filed in a sheriff's interpleader is defective the way to get rid of it is by demurrer not by judgment of non pros.

Argued May 13, 1902. Appeal, No. 325, Jan. T., 1901, by W. J. Carlin Company, from order of C. P. Bedford Co., Sept. T., 1900, No. 237, entering rule for non pros. in case of Mary E. Barndollar v. Michael J. Fogarty and John Claffey, trading as M. J. Fogarty & Company, Defendants, and the Huntingdon & Broad Top Mountain Railroad Company, C. E. Jackson, James Everhart and Joseph Claffey, Garnishees. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Reversed. ,

Rule for judgment of non pros.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making the rule absolute.

*J. M. Swearingen* and *Robert C. McNamara*, for appellant.— There is no more reason for holding that a statement of title, under the act of 1897, cannot be filed after the expiration of the period of two weeks, than there is for holding that an affidavit of defense could not be filed after the expiration of fifteen days, as provided in the procedure act. No court ever thought of holding that the latter could not be done, so long as the opposite party had taken no step after the default. And so, in this case, as long as the plaintiff in the writ had taken no steps —and it is not pretended that she had—there is nothing in the act of 1897 to prevent filing a statement, even though more than two weeks had elapsed from the making absolute of the rule to interplead. A statute which concerns the public is mandatory. But there is nothing in this proceeding which concerns the public. The trial of an interpleader is an ordinary law suit between private litigants : Heydenfeldt v. Daney Gold, etc., Mining Co., 93 U. S. 634.

The language of the act does not bear the construction put upon it by the court below. The language of the act does not mean that a statement cannot be filed after the expiration of two weeks, for it is expressly stated that the court may extend

the time for cause shown.   The act  does  not say that a state-
ment cannot be filed in the  absence of an  order  of  extension ;
and that is the proposition which the appellee must maintain.
The meaning is, that if the  plaintiff in the  execution is press-
ing, the court may then, instead of  entering judgment of  non
pros., extend the time for filing a statement upon cause shown.
That is to say, the court is given express power—it would have
had the power by implication—to prevent an injustice.   But by
no fair construction can it be said that these  words  make  the
filing of a statement, after the expiration of  two weeks, illegal
—such an illegal act that the court must enter judgment of non
pros., notwithstanding a statement had been  actually filed.

*John S. Weller*, with him *B. F. Madore*, *H. H. Waite*, *S. R.
Longenecker* and *Simon H. Sell*, for appellees, cited : Harvey v.
Pollock, 148 Pa. 534; Scanlon v. Suter, 158 Pa. 275 ; Hillside
Coal & Iron Co. v. Heermans, 191 Pa. 116 ;  Waring v. Penna.
R. R. Co., 176 Pa. 172.

OPINION BY MR. JUSTICE BROWN, October 13, 1902:

A rule for an issue to determine the ownership of the goods
claimed  by the appellant was made  absolute  on November 3,
1900.   It had been taken in pursuance of the provisions of the
Act of May 26, 1897, P. L. 95, and the bond  and  statement
of the claimant, required  by the  act,  should  have  been  filed
within two weeks after the  issue had been awarded.   On No-
vember 5, 1900, the bond was approved and filed ; but the state-
ment was not filed until January 7, 1901.   On the day following,
at the instance of the plaintiff in the foreign attachment under
which the goods claimed by the appellee had been  seized, a
rule was  granted  to  show  cause why  judgment of  non pros.
should not be entered in the issue, because a statement, signed
and sworn to by the claimant, had not been filed within the stat-
utory period.   On  January 28, 1901, labor claimants were al-
lowed to join in the application for judgment of non pros., and
on  July  8, 1901, such  judgment was  entered,  for  the  reasons
that claimant had  not  filed its  statement within two weeks
after the issue had been  framed  and that the one filed after-
wards had not been signed and sworn to by it.   Subsequently
the claimant asked leave to file an amended  statement, but the

court below refused to disturb the judgment or to grant any relief, on the ground that it had not power to do so, the learned judge having been of the opinion that the provision in the act requiring that the statement, signed and sworn to by the claimant, shall be filed within two weeks from the awarding of the issue, was mandatory.

It is true, the act does provide that the statement shall be filed within two weeks from the time the rule for an issue is made absolute, unless, for cause shown, the time be extended by the court; and, after the expiration of that period, if the statement is not filed, the plaintiff in the execution can act by asking for an order that the sheriff do proceed with his writ, or that judgment of non pros. be entered in the issue. But, if the plaintiff does not act when he may, after the expiration of two weeks during the period of the claimant's inactivity, there is nothing in the act which says he may do so after the latter has acted by filing his statement. The failure of the plaintiff to act while the claimant is still in default can fairly be regarded as his further indulgence, and, if the claimant acts during such indulgence, by doing that which the act says ought to have been done before, it is not reasonable that then, at the instance of the plaintiff in the writ of execution or attachment, who had himself been inactive, the severe penalty of a judgment of non pros. should be suffered by the plaintiff in the feigned issue, in the absence of anything in the act requiring that it be imposed. In the present case, at any time from November 17, 1900, until January 7, 1901, when the statement was filed, the plaintiff in the foreign attachment might have acted by asking for an order on the sheriff to proceed with the writ in his hands, or that a judgment of non pros. be entered in the feigned issue. If, during that period, court had not been in session, the plaintiff could have acted by an application for the proper rule at chambers; but she did nothing until after the claimant had filed its statement; and not until the day following, according to the record, was even protest made against the filing of it. Then it was too late for her to do anything but protest, for the time within which she might have acted she had allowed to pass by. She herself had not been vigilant, and she could not, after the claimant had acted, ask for judgment against it because it had not been diligent. Un-

der the Procedure Act of May 25, 1887, P. L. 271, a defendant is required to file his affidavit of defense within fifteen days after the plaintiff's statement has been served. But it has never been pretended that, if a defendant, after the expiration of the period within which he ought to have filed his affidavit of defense, does file one, judgment can then, on motion, be taken against him for want of it. The penalty expressly provided by that act for the default of the defendant in filing his affidavit of defense is judgment against him, if moved for by the plaintiff; but it has never been questioned, and cannot be, that an affidavit of defense, filed after the expiration of the statutory period, stands in the way of judgment for the plaintiff, if he did not move for it before the same was filed. "The affidavit may be filed at any time before motion for judgment. Such is the governing principle in the case of a rule to plead, or to declare; and it is founded in justice and convenience; for a party, who does not enforce his right at the first moment, shows that he has not suffered by delay, and the signing of judgment is not imposed as a penalty. In this case the motion came too late:" Gillespie v. Smith, 13 Pa. 65; and, in Ritter v. Leonard, 2 Parsons, 255, it was held that, if plaintiff enters a rule to show cause why judgment should not be entered for the want of an affidavit of defense, the defendant may file one at any time before the return day of the rule. This is the universally recognized practice: 1 T. & H. sec. 417.

The act of 1897 provides no penalty for a claimant dilatory in filing his statement. True, the words are, "the bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so;" but they are mandatory only to the extent of giving the plaintiff the implied right to act after the claimant is in default; and, if he fails to act during the continuance of such default, he is by his silence, inviting the claimant to act. When the latter does act under such invitation, it is then too late to say he had no right to act and that what he did must, under the statute, be treated as invalid and void. The 10th section of the act provides that, if the defendant in the issue fail or refuse to file his affidavit of defense within fifteen days after notice of a rule to file the same, the court shall, upon motion

of the claimant, enter judgment against the defendant; but, as stated, there is no provision at all in the act for judgment against the claimant for his delay. By implication only has the plaintiff in the execution a right to ask for judgment of non pros. against the plaintiff in the issue, if he is in default in filing his bond or statement.

If the statement filed in this case was defective under the statute, the only way to get rid of it was by demurrer, for there is no rule of pleading which allows a motion for judgment of non pros. to be substituted for a demurrer to a defective narr. The statement was clearly defective, but it was amendable, and, as no reason was given why the amendment asked for should not be allowed, the fifth assignment of error is sustained. In Commonwealth v. Beary, 9 Pa. Superior Ct. 246, relied upon by the judge below, there is nothing inconsistent with the views here expressed. In that case, so far as can be gathered from the report of it, judgment of non pros. was moved for and granted after the expiration of two weeks, because no statement had been filed by the claimant at the time the motion was made.

Judgment reversed and procedendo awarded.