## Bordentown Banking Company *v.* Restein, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Suggestion of insufficiency —Affidavit of defense.*

Judgment for want of an affidavit of defense, or of a sufficient affidavit of defense is a judgment for default, and if there is no default at the time it is entered it is irregular and void, even though it might have been regularly entered earlier while the default existed.

Where a statement of claim is insufficient, it is proper practice to file of record a suggestion to that effect. Such a suggestion of insufficiency is in the nature of a demurrer, and if it is overruled, the court may in its discretion either enter judgment for want of an affidavit of defense, or permit the defendant to file an affidavit of defense.

An affidavit of defense may be filed as a matter of right at any time before judgment. No leave of the court is necessary. The Procedure Act of May 25, 1887, P. L. 271, made no change in the practice in this respect. The penalty provided by the act of 1887, for neglect of the defendant to file an affidavit of defense is the risk of having a judgment entered against him, not the termination of his right to file his affidavit.

If the affidavit is filed after the expiration of the statutory period of fifteen days, the affidavit stands in the way of judgment for the plaintiff if the latter did not move for judgment, before the affidavit was filed.

It is the practice of the courts to consider the question of fractions of a day so far as to inquire into the actual priority of an affidavit of defense filed and a judgment for default entered on the same day.

A rule of court providing that "The court or any judge thereof may enlarge the time to declare or plead on cause shown but not to file an affidavit of defense," has no applicability to a case where an affidavit of defense has been filed after the expiration of the statutory period. The rule gives the court no authority to enter judgment for plaintiff after the affidavit of defense is filed.

Argued Jan. 11, 1906. Appeal, No. 207, Jan. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1905, No. 4127, making absolute rule for judgment for want of an affidavit of defense in case of Bordentown Banking Company v. Rebecca Restein, trading as E. P. & L. Restein Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule for judgment for want of an affidavit of defense.

From the record it appeared that the suit was on a promis-

sory note.   On May 31, 1905, the following paper was filed of record:

## " SUGGESTION OF DEFENSE.

" John Sparhawk, Jr., suggests to the court that the statement of plaintiff's claim filed in above case is insufficient to entitle plaintiff to judgment for want of an affidavit of defense.

" JOHN SPARHAWK, JR.,<br>" Attorney for defendant."

On June 1, 1905, the plaintiff took a rule for judgment for want of an affidavit of defense.   On June 5, 1905, the defendant asked permission of the court to file an affidavit of defense.   This was refused, and the rule for judgment was made absolute.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.*, of *Simpson & Brown*, for appellant.—The court below refused to allow defendant to file the affidavit of defense upon the merits, which she had there for that purpose, because of opinion that defendant had no right to do so, and they had no right to allow it after the fifteen days allowed by rule had expired.   This was clear error.

A supplemental affidavit of defense may be filed as a matter of right, without obtaining leave of court, at any time before judgment is actually entered: West v. Simmons, 2 Wharton, 261; Bloomer v. Reed, 22 Pa. 51; Mitchell on Motions and Rules, 70.

*Henry Wolf Biklé*, with him *John H. Hutchinson*, for appellee.—The rules of court of the courts of common pleas of Philadelphia county prohibit the enlargement of time to file an affidavit of defense: Dubosq v. Guardians of the Poor, 1 Binney, 415; Peck's App., 11 W. N. C. 31; Brennan v. Prudential Ins. Co., 148 Pa. 199.

In the absence of a rule of court it would lie within the lower court's discretion to grant or refuse defendant permission to file an affidavit after the time allowed by statute.   The exercise of such discretion would not be reviewable by the appellate court except in case of manifest abuse: Fleisher v. Black-.

burn, 15 Pa. Superior Ct. 289 ; Fowler's License, 2 Pa. Superior Ct. 63 ; Hopkins v. Com., 50 Pa. 9 ; Strouse v. Bard, 8 Pa. Superior Ct. 48.

OPINION BY MR. CHIEF JUSTICE MITCHELL, February 12, 1906 :

The appellant by her attorney filed of record a suggestion that the statement of claim was insufficient to entitle plaintiff to judgment for want of an affidavit of defense. This was in accordance with established practice : Sylvester v. Thompson, 11 W. N. C. 203 ; Endlich on Affidavits of Defense, sec. 655. The practice has not been changed by the act of 1887, though it will probably be of much less frequent occurrence in future, since the affidavit is now required to meet the statement of claim instead of the mere copy of the instrument sued on as formerly.

The suggestion of insufficiency is in the nature of a demurrer to the copy of the instrument sued on, or now to the statement of the cause of action and puts the plaintiff to a rule for judgment. On this rule if the suggestion of insufficiency is not sustained the court may enter judgment for want of an affidavit of defense, but unless the suggestion is manifestly frivolous or intended merely for delay, the usual practice has been to allow an opportunity for filing an affidavit if counsel state that they are instructed that a good defense exists. This, however, is entirely within the discretion of the court.

In the present case, upon the calling of the rule and before judgment was entered, the defendant's counsel presented an affidavit of defense and asked leave to file it. Leave was refused and judgment entered. This was error. No leave was necessary, as the defendant could have filed the affidavit of right at any time before judgment. This was established in regard to a supplemental affidavit as long ago as 1836 in West v. Simmons, 2 Whart. 261, and has been uniformly followed in practice ever since. It was so held in Bloomer v. Reed, 22 Pa. 51, though the rule for judgment had been argued, this court saying, " whenever a sufficient affidavit of defense is offered before a judgment has actually been entered, it is the duty of the court to receive the affidavit and permit the cause to go to trial in the ordinary manner." And see Callen v.

Lukens, 7 W. N. C. 28, upon the right of the defendant to set forth even a new defense by supplemental affidavit.

The Procedure Act of May 25, 1887, P. L. 271, has made no change in the practice. Its provisions in this respect are permissive not mandatory. By sec. 5 judgment for want of an affidavit of defense, etc., "may be moved for . . . . in accordance with the present practice in actions of debt and assumpsit," and by sec. 6 unless the defendant file a sufficient affidavit of defense within fifteen days after notice of the filing of the statement, the plaintiff "may move for judgment for want thereof." It is true that in section 4 it is enacted that if the statement is served not less than fifteen days before the return day "it shall be the duty" of the defendant to file an affidavit, etc., words which generally receive a mandatory construction. But the section must be read in its connection with those which follow and with the nature of the duty prescribed. These make it clear that the penalty for such neglect of duty by defendant is the risk of having a judgment entered against him, not the termination of his right to file his affidavit. The plaintiff "may" move for judgment, but he is under no obligation to do so, and if he does not no judgment is entered. And he may by his action, as by ruling defendant to plead, etc., waive his right: O'Neal v. Rupp, 22 Pa. 395; Superior Nat. Bank v. Stadelman, 153 Pa. 634. The judgment for want of an affidavit, or of a sufficient affidavit of defense, is a judgment for default, and if there is no default at the time it is entered it is irregular and void, even though it might have been regularly entered earlier while the default existed: Gillespie v. Smith, 13 Pa. 65. In Barndollar v. Fogarty, 203 Pa. 617 (621), Mr. Justice BROWN, in discussing a similar point under the Foreign Attachment Act of 1897, said: "Under the Procedure Act of May 25, 1887, a defendant is required to file his affidavit of defense within fifteen days after the plaintiff's statement has been served. But it has never been pretended that if a defendant after expiration of the period within which he ought to have filed his affidavit does file one, judgment can then on motion be taken against him for want of it. The penalty expressly provided by that act for the default of the defendant in filing his affidavit of defense is judgment against him if moved for by the plaintiff; but it has never been questioned,

and cannot be that an affidavit of defense filed after the expiration of the statutory period, stands in the way of judgment for the plaintiff if he did not move for it before the same was filed." So strictly has this been held that even where the rule of court provided that the plaintiff should be entitled to judgment on a certain day unless an affidavit of defense should be filed before judgment should be asked for, it was nevertheless held that the affidavit was in time if filed on that day although after judgment had been asked for and entered: Duncan v. Bell, 28 Pa. 516. This, however, has not been the general practice under which the courts have usually considered the question of fractions of a day, so far as to inquire into the actual priority of the filing of the affidavit and the entry of the judgment.

The rule of court cited by appellee has no applicability to the case. The provision that " the court or any judge thereof may enlarge the time to declare or plead, on cause shown, but not to file an affidavit of defense " is a regulation of the power of the court to govern the administration of its own rules as to the time of pleading, etc., an inherent power it would have without any rule on the subject, but for the avoidance of misunderstanding an express and very proper exception is made as to affidavits of defense where the time does not depend on the rules of the court but is fixed by statute. At the expiration of the fifteenth day the plaintiff has a right to judgment unless the defendant has in the meanwhile filed his affidavit of defense. An enlargement of the defendant's time by the court or a judge would therefore be an attempt to curtail the plaintiff's statutory right. The present case is entirely different. The defendant presented an affidavit of defense before judgment was entered. Her counsel made the mistake of asking leave to file it, but as it was his client's right to file it without leave, the latter's rights should not be lost by her attorney's deference to the assumed control of the court. Had he asked for time in which to prepare an affidavit the indulgence would have been within the discretion of the court. But the affidavit being offered must be treated as having been filed before the entry of the judgment, and the latter is, therefore, unauthorized and a nullity.

Whether the affidavit considered as filed in time is sufficient

is a question not now before us, but which the court below may deal with when it comes regularly before them.

There is nothing herein that conflicts with Fleisher v. Blackburn, 15 Pa. Superior Ct. 289. The facts on this point do not appear in the report, but an examination of the paperbooks shows that there was no question in the case as to the right to file a supplemental affidavit of defense, nor even a request for time to do so. On the appeal the sufficiency of an averment of set-off made in the affidavit, which had been treated as a subordinate matter in the court below, became the main question, and appellant's counsel argued that an intimation of the insufficiency of the pleading should have been given by the court below " whereby the defendant would have been invited to a supplemental affidavit." The language of the learned president of the Superior Court was used in reference to this argument and was in entire harmony with what has been said herein.

Judgment reversed and procedendo awarded.