## Ott v. Ott et al.

*F. Joseph Thomas*, for petitioner.

*Stuart A. Culbertson*, contra.

KENT, P. J., April 12, 1938.—Plaintiff in this case caused judgment in the amount of $355.42 to be entered against defendant by virtue of a power of attorney contained in a certain lease agreement in the Court of Common Pleas of Crawford County, at no. 107, November term, 1936. No question as to the validity of the judgment is raised. On November 11, 1936, plaintiff caused an execution to issue on said judgment, in pursuance of which the sheriff levied upon personal property. Martha E. Ott, wife of defendant George N. Ott, on the same day, to wit, November 11, 1936, claimed the property levied upon, giving notice thereof to the sheriff as follows:

"To H. A. Nichols, High Sheriff of Crawford County, and Harry B. Smith, deputy sheriff, and to the plaintiff in the above writ: Take notice, That the personal property levied upon in the above case at no. 5, February Term, 1937, is not the property of the defendant, nor had he any interest therein or any part thereof when your levy was made, nor has he since then or ever had any title to said property or to any part thereof. The same then belonged, and now belongs, to me. I did not acquire title to said property or any part thereof directly or indirectly from the defendant. I shall hold you accountable for my damages and I request you immediately to withdraw your levy."

In pursuance of said notice given as aforesaid, the sheriff on November 30, 1936, presented his petition praying that an issue be framed to determine the owner-

ship to and over said property. Whereupon, the following order was entered by the court:

"Now, to wit, November 30, 1936, rule granted upon Martha E. Ott, claimant, and upon George A. King, plaintiff, and George N. Ott, defendant, in the said fieri facias, to appear on January 4, 1937, at 9:30 a.m., and show cause why an issue should not be ordered as prayed for."

Acceptance of service of said rule was endorsed by attorney on the part of George A. King on December 7, 1936, and by attorney on the part of claimant, Martha E. Ott, on December 9, 1936.

Claimant in her petition, which is now before the court, avers:

"That on January 4, 1937, your petitioner filed an answer and statement of her title, showing the source from which she had obtained title and further showing that the execution defendant, George N. Ott, had no title or interest in the said goods. A copy of said answer and statement is hereto attached, made a part hereof, and marked Exhibit 'C'."

We are unable to find the "answer and statement" among the record papers. The docket entries, however, contain the following entry: "January 4, 1937, claimant's answer to petition filed."

No reply to the answer and statement was made by either plaintiff or defendant. By agreement of attorneys the rule was made absolute by entry of the following order:

"And now, to wit, January 8, 1937, after having heard and considered the above rule and the parties therein interested, it is ordered and adjudged that the same shall be made absolute, and an issue framed in which Martha E. Ott shall be the plaintiff and George A. King and George N. Ott defendants. And the said claimant is hereby ordered to give bond in double the value of the goods and chattels claimed in accordance with the provi-

sions of the act of assembly in such case made and provided."

This proceeding, commonly designated as "sheriff's interpleader", is provided for under the provisions of the Act of June 22, 1931, P. L. 883, which repeals the Act of May 26, 1897, P. L. 95, its amendments and supplements, and provides in section 1:

"That whenever tangible goods or chattels have been levied upon . . . by the sheriff . . . under any execution . . . and the sheriff has been notified that said goods and chattels . . . belong to any person . . . other than the defendant . . . in said execution or process, said sheriff . . . may enter a rule in the court out of which the senior execution or process issued on the persons making adverse claims thereto to show cause why an issue should not be framed to determine the ownership of said goods and chattels; notice of said rule shall be given to the plaintiff and defendant in said execution . . . [and] the claimant. . . . The hearing on said rule shall be in the nature of a preliminary hearing to determine the right of the sheriff . . . to have an interpleader. If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects such execution or process on the goods or chattels claimed."

This seems to be explicit authority in the sheriff for asking for the framing of the issue in this case. The issue so framed was docketed as no. 127, February term, 1937. Section 6 of the act provides:

"The value of the goods and chattels claimed shall be determined by two appraisers appointed by the sheriff, duly qualified and sworn by him to make a just and fair valuation of the said goods and chattels claimed, subject to the approval thereof by the court, if exceptions thereto be filed before the entry and approval of the bond herein provided for." Section 7 of the act provides:

"The cost of making an appraisement of said goods and chattels shall be the sum of four dollars, to be paid to the

sheriff, which shall form part of the costs of the cause, and shall be paid by the claimant at the time of making his or her claim: Provided, That in any case where the appraisement of a large quantity of goods shall be required, the sheriff may apply, by petition, to the court, or a judge thereof, having jurisdiction over said matter, setting forth the facts, and said court or judge may make an order fixing the sum to be allowed and paid to the sheriff as the proper cost of making such appraisement, which sum, so fixed and allowed, shall be taxed as the sheriff's proper legal costs, in addition to the official fee of one dollar to be charged and collected by him for docketing the property claim.

If the claimant fails to pay said sum, when required under this act so to do, it shall be treated as an abandonment of his or her right to have the goods and chattels themselves, as the case may be, and the sheriff shall proceed to sell said goods and chattels, or so much thereof as may be necessary, and apply the money received from the sale thereof in satisfaction of said execution or process."

In accordance with the provisions of this act, Rule 48 of our rules of court provides:

"Section 6. *Appraisement.* The appraisement shall be made before the return day of the rule for an interpleader and all objections to the appraisement must be taken before the return day."

It appears in this case that the appraisal fee of $4 was not paid to the sheriff. The sheriff made no appraisement of the property claimed, as required by law and our rules of court. Neither did he apply to the court or a judge thereof for an order fixing any additional compensation for making such an appraisement. This seems to be a very flagrant neglect of duty on the part of the sheriff, and particularly so when we consider the penalty fixed upon the claimant for nonpayment of the cost of appraisement. Claimant in this connection contends that at the time of filing her notice with the sheriff an offer to pay the docketing fee and the appraisal fee was made to

the sheriff, but that only the docketing fee of $1 was accepted, with the advice that if the appraisal was to be made, petitioner's attorney would be notified and she could pay the appraisal fee at that time, and that no such notice has been given to her or her attorney relative to the payment of this appraisal fee at any time thereafter.

Uncontradicted testimony taken in support of this rule seems to sustain this contention of claimant. The query arises, however: Is plaintiff in any way liable or responsible for this neglect of duty on the part of the sheriff? In our opinion, he is not, and should not suffer loss by reason thereof. Neither should claimant suffer loss by reason thereof. This, however, is a question dehors the record. The penalty provided by the act for nonpayment of the appraiser's fee, as required under the act, is an abandonment of her right to have the goods and chattels and a direction to the sheriff to proceed to sell the goods and chattels, or so much thereof as may be necessary, applying the money received from such sale in satisfaction of the execution, upon order of court so to do. Such an order was entered in the instant case upon motion of attorney for the execution creditor in the fieri facias at no. 5, February term, 1937, and is as follows:

"And now, October 23, 1937, upon consideration of the foregoing motion, and it appearing that the claimant, Martha E. Ott, failed to give bond within two weeks after the date the rule for feigned issue was made absolute, and it further appearing that the claimant failed to pay the costs of the appraisement of said goods and chattels levied upon when required under the act of assembly so to do, and it further appearing under the Act of June 22, 1931, P. L. 883, sec. 7, that failure to pay said appraisal fee shall be treated as an abandonment of his or her right to have the goods and chattels themselves, a sale of the goods and chattels levied upon is hereby directed to be made by the Sheriff of Crawford County to

satisfy the said execution or process, after due and legal notice shall have been made."

This order has not been complied with. No sale has been made, by reason of the fact that upon presentation of claimant's petition filed October 25, 1937, and now before the court for consideration, we entered the following order, with a stay of all proceedings:

"And now, October 25, 1937, upon presentation of the foregoing petition, a rule to show cause is hereby granted why the order of court entered in the above entitled case should not be vacated, and Martha E. Ott, claimant, permitted to file bond to take the place of the goods. All proceedings to stay meanwhile."

We are clearly of the opinion that such order to proceed with the sale is authorized by the act and that, from the showing of the record, plaintiff was entitled thereto at the time of its entry: Mahoning Savings & Loan Assn. v. Cozad, 22 D. & C. 607.

Section 2 of the Act of 1931, supra, in relation to the forming of an issue provides:

"If said rule shall be made absolute, either with or without a hearing, the claimant shall give bond to the Commonwealth of Pennsylvania, with security to be approved by said court, or a judge thereof, in double the appraised value of the goods and chattels claimed, or in double all claims, with interest and probable costs thereon, for which said property is in legal custody, whichever shall be the smaller amount, conditioned that he shall at all times maintain his title to said goods and chattels claimed, or pay the value thereof to the party or parties thereunto entitled in accordance with their respective interests therein by reason of such executions or process or otherwise, and thereupon the sheriff shall withdraw all levies and attachments on the property claimed, and deliver any goods and chattels actually in his custody to the claimant, upon payment by the latter of the charges incurred by the sheriff in taking and keeping and trans-

porting the same, unless otherwise ordered by the court: Provided, That the claimant shall first have filed a statement of title required by this act in each suit or proceedings in which any execution or attachment issued, and any of said goods and chattels were levied upon and seized by said sheriff." And further, section 11 of said act provides:

"The bond and claimant's statement of title shall be filed within two weeks after the sheriff's or claimant's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so. If the claimant shall fail to comply with the section, then the sheriff, on being furnished with a certificate, from the prothonotary or clerk, that a bond and statement has not been so filed, shall proceed with the execution or process as if no claim had been filed."

These sections of the act seem to make it mandatory upon claimant to file a bond and claimant's statement within two weeks after the rule for an issue is made absolute, unless the court extends the time for so doing. This requirement has not been complied with in the instant case. No bond or statement of title has been filed even to this date, as required by the provisions of the act. As we interpret the act, the penalty for such neglect is that the sheriff, upon being furnished with a certificate from the prothonotary, which was done in this case under date of October 22, 1937, shall proceed with the execution as if no claim had been filed.

The Interpleader Act of April 7, 1927, P. L. 174, amending the Act of May 26, 1897, P. L. 95, contained no penalties for neglect of these requirements; but the Act of 1931, which repeals these acts, provides for penalties for such failure or neglect on the part of claimant. Wherefore, we can but conclude that the decisions reached under the former acts do not apply to the provisions of the Act of 1931, as those decisions seem to be based upon the want of express penalties contained therein.

In the case of Barndollar v. Fogarty, 203 Pa. 617, Mr. Justice Brown says, regarding the provisions of the Act of 1897, supra:

"It is true, the act does provide that the statement shall be filed within two weeks from the time the rule for an issue is made absolute, unless, for cause shown, the time be extended by the court; and, after the expiration of that period, if the statement is not filed, the plaintiff in the execution can act by asking for an order that the sheriff do proceed with his writ, or that judgment of non pros. be entered in the issue. But, if the plaintiff does not act when he may, after the expiration of two weeks during the period of the claimant's inactivity, there is nothing in the act which says he may do so after the latter has acted by filing his statement. The failure of the plaintiff to act while the claimant is still in default can fairly be regarded as his further indulgence, and, if the claimant acts during such indulgence, by doing that which the act says ought to have been done before, it is not reasonable that then, at the instance of the plaintiff in the writ of execution or attachment, who had himself been inactive, the severe penalty of a judgment of non pros. should be suffered by the plaintiff in the feigned issue, in the absence of anything in the act requiring that it be imposed. In the present case, at any time from November 17, 1900, until January 7, 1901, when the statement was filed, the plaintiff in the foreign attachment might have acted by asking for an order on the sheriff to proceed with the writ in his hands, or that a judgment of non pros. be entered in the feigned issue. If, during that period, court had not been in session, the plaintiff could have acted by an application for the proper rule at chambers; but she did nothing until after the claimant had filed its statement; and not until the day following, according to the record, was even protest made against the filing of it. Then it was too late for her to do anything but protest, for the time within which she

might have acted she had allowed to pass by. She herself had not been vigilant, and she could not, after the claimant had acted, ask for judgment against it because it had not been diligent. . . .

"The Act of 1897 provides no penalty for a claimant dilatory in filing his statement. True, the words are, 'the bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so'; but they are mandatory only to the extent of giving the plaintiff the implied right to act . . . during the continuance of such default, he is by his silence, inviting the claimant to act. When the latter does act under such invitation, it is then too late to say he had no right to act and that what he did must, under the statute, be treated as invalid and void. The 10th section of the act provides that, if the defendant in the issue fail or refuse to file his affidavit of defense within fifteen days after notice of a rule to file the same, the court shall, upon motion of the claimant, enter judgment against the defendant; but, as stated, there is no provision at all in the act for judgment against the claimant for his delay. By implication only has the plaintiff in the execution a right to ask for judgment of non pros. against the plaintiff in the issue, if he is in default in filing his bond or statement."

In the case of American Finance Co. v. Trachtman et al., 103 Pa. Superior Ct. 289, Judge Keller in his opinion says:

"The claimant neglected to file his statement and bond within two weeks after the sheriff's rule for an issue had been made absolute, and the plaintiff in the execution thereupon furnished the sheriff with a certified copy of the docket entries indicating that no bond and statement had been filed, pursuant to the Act of April 7, 1927, P. L. 174, amending the Sheriff's Interpleader Act of May 26, 1897, P. L. 95.

"Before the sheriff sold the goods, the court below on petition of the claimant permitted him to file his statement of claim and bond in interpleader, nunc pro tunc. From this order the plaintiff in the execution has appealed.

"The Interpleader Act of 1897 (sec. 11), directs that 'The bond and claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court for cause shown, shall extend the time for doing so'; but it imposes no penalty on a claimant who delays the filing of his statement and bond beyond the two weeks' period.

"Our Supreme Court, consequently, held in Barndollar v. Fogarty, 203 Pa. 617, that a claimant who had not filed his statement of claim and bond within the two weeks fixed by the act could nevertheless do so, *of right*, at any time before the plaintiff in the execution acted by way of asking for an order that the sheriff proceed with his writ or that judgment of non pros. be entered in the issue; that the limitation of time fixed in the act was not an absolute one, which enforced itself, but was rather of the character of the limitation prescribed in the Procedure Act of May 25, 1887, P. L. 271, sec. 6—for the filing of an affidavit of defense within fifteen days after the service of the plaintiff's statement; the practice concerning which has been continued in the construction of the Practice Act of 1915, P. L. 483, sec. 12. In construing those acts it has been held that a defendant is not precluded by the provision of the statute from filing an affidavit of defense after the fifteen days fixed by the act have expired, but may do so of right and without leave of court (Bordentown Banking Co. v. Restein, 214 Pa. 30), at any time before judgment. And even after judgment, the court may in the exercise of a proper discretion permit the judgment to be opened and the affidavit of defense filed: Ames Shovel & Tool Co. v. Schock, 100 Pa. Superior Ct. 84. The stricter practice applicable to the taking of appeals, the filing of exceptions to reports of auditors,

road juries, etc., has not been enforced with respect to the filing of statements, affidavits of defense and other papers subsequent to the bringing of the action or the awarding of the issue.

"It was said by Mr. Justice Mitchell in Book v. Sharpe, 189 Pa. 44, 46, that the Act of 1897, supra, is substantially nothing but a consolidation of the previously existing law, with the addition of putting into statutory form the principal parts of the practice already established by the decisions and rules of court, and (15th section) relieving the sheriff from liability to the claimant if he proceed in accordance with the statute."

In the case of Ickes v. Brechbill, 18 D. & C. 167, Reese, P. J., says:

"The practice in regard to sheriff's interpleader has been materially changed by the Act of June 22, 1931, P. L. 883. Section one provides that the rule to show cause why an issue should not be framed may be taken either by the sheriff or by the claimant. In the first paragraph of section one, where the rule is entered by the sheriff, it is provided, inter alia: 'If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects said execution or process on [or?] the goods and chattels claimed.' In view of this provision, the contention of the plaintiff seems to be well taken that the claimant's failure to file any answer to the rule and his failure to show in any other manner why an issue should be framed must be deemed an abandonment of his claim to the goods and chattels in question.

"That this is a proper construction of the portion of section one above quoted is shown by rules of court recently adopted in Philadelphia County in connection with sheriff's interpleader. Rule 72 provides, inter alia: 'On or before the return day of the rule, the claimant shall file his answer thereto,' followed by provisions as to the contents of the answer. Rule 73 provides: 'If the claim-

ant abandon his claim by failing to file an answer to the rule on or before the return day thereof, the sheriff shall proceed with the sale. A certified copy of the docket entries showing no answer filed shall be a justification for the sheriff in so proceeding.'

"Since we do not yet have new rules of court to fit the change in practice wrought by the new sheriff's interpleader statute, and there is no provision in our rules for a certificate from the prothonotary to justify the sheriff in proceeding with the sale, it seems necessary for an order of court to give the sheriff that justification."

In the case of Walatka v. Levin et al., 100 Pa. Superior Ct. 489, Whitmore, J., says:

"The controlling question raised under the assignments of error is whether or not the court of common pleas had power or authority to enter the order of June 1, 1927, extending the time for taking an appeal to that court.

"Section 427 of the Workmen's Compensation Law of 1919, P. L. 642-665, provides inter alia: 'Such appeal must be brought within ten days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal.'

"This section of the act is mandatory so far as it relates to the period of ten days and as the time for appeal would end at the termination of the ten-day period, any application to extend the time would have to be made within such ten-day period. The time for appeal by Levin and his insurance carrier expired on January 17, 1927, but no action was taken until June 1, 1927.

"Where a statute fixes the time in which an act must be done the courts have no authority to extend such time unless the application is made and cause shown therefor within the statutory limit of time. . . .

"It is well contended by counsel for the appellant that the word 'extended' as employed in the statute means

'prolonged', but a prolongation of time cannot occur after the original time limit has expired. . . .

"Many of the lower courts of this State have passed upon this question and have uniformly held that in all cases where there is statutory authority to extend time of granting relief, the application therefor must be made in the manner and within the time, if any, fixed by the statute".

These authorities seem definitely to confirm our conclusions that the former decisions were based upon the fact that the sheriff's interpleader acts contained no penalties for failure to comply with their requirements. We believe that we are not going afield when we conclude that, had the acts contained penalties, these decisions would have recognized the mandatory requirements, as provided in the Act of 1931 and as held by some of the lower courts since its passage.

It is a well-grounded principle of law that, where a statute fixes the time within which an act must be done, courts have no power to extend it, or to allow the act to be done at a later date as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time or its equivalent, an allowance of the act nunc pro tunc: Schrenkeisen et al. v. Kishbaugh et al., 162 Pa. 45; Maguire v. Ballard Knitting Co., 29 Dist. R. 994; Skokan v. Em Lou Coal Co. et al., 1 D. & C. 456.

Considering the facts and circumstances as they exist in the instant case, in the light of the requirements of the act as to what appears to us as mandatory, the penalties provided for noncompliance therewith, and the authorities cited, we are convinced that the relief sought cannot be granted. An issue having been framed under the provisions of the act to determine claimant's title and right of possession in the property levied upon, which is in no way affected by our determination of the questions involved, we can but conclude that the proceeds from the sale thereof by the sheriff under the order of court of October 23, 1937, should be impounded, awaiting deter-

mination of the issue. In accordance with these conclusions, we enter the following

### Order

Now, April 12, 1938, claimant's petition is dismissed and the rule to show cause granted thereon October 25, 1937, is discharged; the sheriff is directed to make sale of the goods and chattels levied upon, as directed in our order of October 23, 1937, and to pay the proceeds from that property claimed by Martha E. Ott into court to await determination of the said issue.