## Laddi v. Grazianna

*Paul V. Mahoney*, for plaintiff.
*Ewing K. Newcomer*, for defendant.

DUMBAULD, P. J., February 11, 1941.—The parties to this case, by their counsel, have agreed to certain facts, and submit it for decision upon the question of law involved.

Simply stated, all the more or less complicated series of motions, petitions, præcipes, and rules resolve themselves into the meaning and manner of enforcement of rule 7 of our court of common pleas, relating to procedure in appeals from judgments of the minor judiciary.

It is agreed that plaintiff sued defendant before Jerry Abbadini, a justice of the peace, and secured judgment in his favor, on December 23, 1937. From this judgment, in due season, defendant took an appeal and filed her transcript of that appeal in the office of the prothonotary, on February 1, 1938.

On April 25, 1938, defendant and appellant served notice on plaintiff that the appeal had been filed, with affidavit of such service attached. The case had taken the number 325, December term, 1937, on the continuance docket. No statement of claim was filed by plaintiff and no affidavit of defense was required from defendant.

More than two years later, on June 15, 1940, plaintiff filed a præcipe in the office of the prothonotary, directing that officer to strike defendant's appeal from the record. The reason assigned in support of the præcipe to strike off the appeal is that defendant failed to serve the notice of filing and the affidavit of such service within 15 days, the time provided by the rule.

An execution at no. 46, June sessions, 1940, was halted by a rule to show cause why the execution should not be stayed and an order so staying the execution.

Thereupon plaintiff entered a transcript from the docket of the justice as a judgment at no. 353, September term, 1940, and issued a writ of fi. fa. thereon against defendant at no. 20, September term, 1940, E. D. There followed another petition for stay of this execution and further relief from the judgment so entered.

As noted, the rights of the parties depend upon the efficacy of a præcipe to strike off an appeal for failure to serve the notice within 15 days after the filing of the appeal, notwithstanding the fact that plaintiff waited more than two years after actual service upon him of such notice before undertaking to invoke the penalty prescribed by the rule, viz, striking off the appeal by præcipe.

Rule 7, sec. 1, of our rules of court, is in this language:

"In appeals taken by a defendant from the judgment of a magistrate, the defendant shall serve upon the plain-

tiff or his attorney written notice of the filing of the appeal, and shall file proof of service thereof within fifteen days after the filing of the appeal . . . If the notice is not served, or if proof of service is not filed as herein required, the prothonotary, on *præcipe* filed, shall dismiss the appeal for want of notice."

We are constrained to decide this question in favor of defendant. We do not interpret the rule as arbitrarily ending defendant's right to give and file the notice of appeal 15 days after the filing of such appeal. Her failure in that respect puts her in default. This default, however, must be noticed by plaintiff and the penalty invoked, before the status of the parties as to the default changes. If the notice is actually given and filed with the affidavit attached, defendant is no longer in default, and plaintiff is no longer in position to take advantage of defendant's earlier default. The penalty prescribed by the rule does not arbitrarily provide for the ending of the appeal. The rule provides rather an opportunity for plaintiff to either tolerate the situation or invoke the penalty.

In this case, while plaintiff waited, defendant cured the default. No statute or rule of court that prevents such a step in the curing of a procedural lapse has been called to our attention.

We think the situation is exactly analogous to the procedure under the Practice Act with reference to the filing of an affidavit of defense in actions of assumpsit.

Section 12 of the Practice Act of May 14, 1915, P. L. 483, is in these words:

"The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him."

Section 17 of the same act provides:

"In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense . . ."

Mr. Justice Walling, commenting upon these provisions of the statute, in Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, says (p. 446):

"We construe the above to mean that a defendant, who has not filed his affidavit of defense within the fifteen days, is in default and liable to have judgment entered against him, but not as a prohibition against filing the affidavit after the time limit, where judgment has not been entered, or, if entered, upon a rule to open it . . ."

In Bordentown Banking Co. v. Restein, 214 Pa. 30, we find (p. 33):

"But the section must be read in its connection with those which follow and with the nature of the duty prescribed. These make it clear that the penalty for such neglect of duty by defendant is the risk of having a judgment entered against him, not the termination of his right to file his affidavit. The plaintiff 'may' move for judgment, but he is under no obligation to do so, and if he does not no judgment is entered. And he may by his action, as by ruling defendant to plead, etc., waive his right: O'Neal v. Rupp, 22 Pa. 395; Superior Nat. Bank v. Stadelman, 153 Pa. 634. The judgment for want of an affidavit, or of a sufficient affidavit of defense, is a judgment for default, and if there is no default at the time it is entered it is irregular and void, even though it might have been regularly entered earlier while the default existed: Gillespie v. Smith, 13 Pa. 65. In Barndollar v. Fogarty, 203 Pa. 617 (621), Mr. Justice Brown, in discussing a similar point under the Foreign Attachment Act of 1897, said: 'Under the Procedure Act of May 25, 1887, a defendant is required to file his affidavit of defense within fifteen days after the plaintiff's statement has been served. But it has never been pretended that if a defendant after expiration of the period within which he ought to have filed his affidavit does file one, judgment can then on motion be taken against him for want of it. The penalty expressly provided by that act for the default of the defendant in filing his affidavit of defense is judgment against him if moved for by the plaintiff; but it has never been questioned, and cannot be that an affidavit of defense filed after the expiration of the

statutory period, stands in the way of judgment for the plaintiff if he did not move for it before the same was filed.' "

We need not consider the cases in which defendants have sought relief where no notice has been given or filed, or where notice has been given by registered mail, or where plaintiff has appeared by counsel, and the numerous authorities therein cited. We have here a case where notice was actually given and filed with the required affidavit, and no action was taken by plaintiff until long after he actually had this notice. In fact he was in no sense prejudiced by the earlier default, which default was fully ended by the giving and filing of actual notice. When the default was ended his right to strike off was also concluded, and everything done thereafter based on such striking off is irregular and void.

We agree with Bluett, J., who says, in Porter v. Chapman, 38 D. & C. 556, 559:

"The requirement that an affidavit be filed is for the purpose of apprising the court that notice of the appeal has been duly given the adverse party. This practice is also intended to avoid future argument when one side insists and the other just as emphatically denies that such notice was served. Therefore, where there is a dispute whether such notice was given or not, our rule has been to compel strict compliance with rule 9 [practically the same as our rule 7]. Where, however, it is not disputed, or when it is admitted, as here, that such notice was actually given to and received by plaintiff, we have held that the chief purpose of the rule has been accomplished. In such event, we have refrained from invoking the harsh penalty of the rule and refused to permit a summary judgment and thus deprive a litigant of his day in court."

See also Konheim, etc., v. Pomeroy's, Inc., 22 D. & C. 129, and Evanoff v. Evanoff, 31 Dauph. 192.

Our rules of court are intended as instruments for securing the prompt administration of justice. They are not to be considered as a strait-jacket by which we are

bound hand and foot. We are not required to construe them so as to summarily deprive a party of his right to be heard in court before a jury of his peers. We are the keepers of our own rules so as to make and keep them reasonable.

In McFadden v. Pennzoil Co., 326 Pa. 277, we find (p. 279) :

"Moreover, a trial court has a wide power to construe its own rules (*Commonwealth v. Morgan*, 280 Pa. 67; *Mittin Brothers v. Bass*, 84 Pa. Superior Ct. 298) to determine whether they are to be rigidly enforced (*Smith v. Ellwood City Ice Co.*, 311 Pa. 147) or even to suspend them (*Newman v. Globe Indemnity Co.*, 275 Pa. 374, 380), when its action does not prejudice the party seeking to invoke them."

We construe this rule as our appellate courts have construed the rule with reference to affidavits of defense. We will hold that when the default is cured by the giving of the notice and the filing of the affidavit it is then too late to apply the summary penalty provided in the rule. To have the benefit of the penalty, a vigilant plaintiff must invoke the rule before the default is remedied.

We will make an order in accordance with this view.

### Order

Now, February 11, 1941, upon consideration of the agreed facts, and the law applicable thereto, it is ordered and directed that the striking off of the appeal on præcipe of plaintiff's attorney be and the same hereby is revoked and defendant's appeal be and the same hereby is reinstated. The transcript and execution issued thereon be and the same hereby are stricken from the record.

Plaintiff shall have 15 days in which to file a statement of claim at the number to which the appeal was filed, after the filing of which defendant shall have 15 days within which to file an affidavit of defense, whereupon the case will be at issue.

Costs in all proceedings to abide the result of the trial.