## Phillips et ux. v. Evans et ux.

Before Aponick, Flannery and Pinola, JJ.

*John Mulhall*, for plaintiffs.

*George L. Fenner, Jr.*, for defendants.

PINOLA, J., March 18, 1948.—Plaintiffs, who are residents of West Pittston, Pa., initiated foreign attachment proceedings to recover from defendants, who reside in Washington, D. C., the sum of $275. They gave to R. G. McHenry, agent for defendants, $200 as down payment on the purchase price of $4,000 for property situate on and known as No. 19 North Street, in the Borough of West Pittston. According to plaintiffs' statement of claim, McHenry undertook to impose the condition that plaintiffs would have to take title subject to the right of possession of Travis A. Learn. This plaintiffs refused to accept and thereupon they demanded the return of the down payment.

In addition to the down payment, plaintiffs seek to recover the sum of $60 expended by them for the title search and also for telephone tolls amounting to $15.

Preliminary objections filed were overruled by order of the court, and on April 17, 1947, defendants were directed "to file an affidavit of defense within 15 days from date".

On May 1st a paper labeled "Answer to plaintiffs' statement of claim", endorsed with the name of George L. Fenner, Sr., was filed. The answer is made by R. G. McHenry, who was one of the garnishees and had given a bond to dissolve the attachment. Besides containing denials of all facts set forth in plaintiffs' statement, it contained the recital, paragraph 15, as follows:

"That this action is an action of foreign attachment in which R. G. McHenry is named as one of the garnishees; that he, an interested party in said litigation, is familiar with all the facts incident to the same; that Defendants are residents of the City of Washington, District of Columbia, and that they had sent to them an affidavit of defense in this action; that the same has not been received, and that this affidavit of defense to Plaintiffs' Statement is filed by R. G. McHenry as an interested party and one familiar with all facts incident to said transaction and of which it is expected to prove upon trial of this case."

On May 7th the prothonotary entered judgment against defendants "for want of an affidavit of defense or answer", upon præcipe filed by the attorney for plaintiffs.

R. G. McHenry petitioned for leave to intervene and to strike off the judgment. This court, on December 3, 1947, discharged the rule on the ground that, he being a stranger to the judgment, R. G. McHenry had no legal standing to attack it.

On August 30, 1947, defendants filed a petition asking leave to file their own affidavit of defense as of "within 15 days from April 17, 1947". This petition was abandoned at the time that the present rule was granted by President Judge Valentine on December 30, 1947.

Defendants now contend, and we believe rightly so, that the prothonotary was without authority to enter the judgment, and therefore, it is null and void.

The view we take makes it unnecessary for us to decide whether the paper styled "Answer to plaintiffs' statement of claim" should be considered "no answer", and that therefore defendants were in default.

Under section 17 of the Practice Act of May 14, 1915, P. L. 483, the prothonotary was authorized to enter judgment for want of an affidavit of defense in assumpsit actions. This right is continued in Pa. R. C. P. 1037(b), which provides:

"The prothonotary, on præcipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint endorsed with a notice to plead. . . ."

But the prothonotary can only enter judgment when the complaint is properly endorsed with a notice to plead as required by Pa. R. C. P. 1026, which reads as follows:

"Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but *no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead.*" (Italics supplied.)

Plaintiffs' complaint did not contain a notice to plead within 20 days. On the other hand, it contained the endorsement provided under the Practice Act of 1915 and reads as follows:

"To the within defendants—You are required to file an affidavit of defense to this statement within 15 days from the service hereof."

The endorsement of the notice to plead is, under the new rules, more important than its counterpart under the Practice Act of 1915. Under that act it was mandatory that the statement of claim bear the endorsement requiring defendant to file his affidavit of defense within 15 days. Under the new rule the endorsement of the notice to plead within 20 days is not made man-

datory. Under the Practice Act of 1915, if plaintiff failed to endorse his statement, defendant could move to strike it off because it was not endorsed as required by section 10. Under the new rules the failure to endorse does not support an attack on the form of the complaint, but it relieves defendant from any need to act.

Rule 1037(*b*) permits a plaintiff to have judgment by default against a defendant for want of an answer, *only* if the complaint has been properly endorsed with the notice to plead. If it has not been properly endorsed, defendant is relieved from filing any answer to the complaint under rule 1026, supra.

Since defendant is not required to file an answer, Pa. R. C. P. 1029(*d*) sets up an automatic denial of all the averments of plaintiff's complaint, because that rule provides:

"Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

Therefore, if the answer made by R. G. McHenry be treated as a nullity, then on May 3rd, because of the defective endorsement, the case was at issue and the prothonotary had no right to enter judgment against defendants.

The prothonotary pronounced judgment against defendants for a default that had no existence. He acts in a ministerial, not a judicial, capacity, and, in the exercise of power, he is strictly limited to the cases mentioned in the statutes. Since there was no default at the time, the judgment entered is irregular and void: Bordentown Banking Co. v. Restein, 214 Pa. 30; Bushong v. Evans, 2 D. & C. 51.

Accordingly, we enter the following

### Order

Now, March 18, 1948, the rule to show cause why the judgment heretofore entered against defendants and in favor of plaintiffs should not be stricken off, is made absolute.